**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:20-cv-00505-ADA |
| | § | |
| APPLE INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF NEONODE SMARTPHONE LCC'S COMPLAINT

Defendant Apple Inc. ("Apple") files its Answer and Affirmative Defenses to Plaintiff

Neonode Smartphone LLC's ("Neonode Smartphone" or "Plaintiff") Complaint.

## ANSWER

Apple responds to the allegations contained in the numbered paragraphs of Neonode

Smartphone's Complaint below. Apple denies all allegations and characterizations in Neonode

Smartphone's Complaint unless expressly admitted in the following paragraphs.

## NATURE OF THE ACTION[1]

1.      Apple admits that this is a purported patent infringement action for damages and

other remedies. To the extent Paragraph 1 of the Complaint implicates legal conclusions, no

response is required. Apple denies that it infringes or has infringed any claim of the Asserted

---

[1] Apple repeats the headings set forth in the Complaint to simplify comparison of the Complaint
and this response. In doing so, Apple makes no admissions regarding the substance of the
headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a
particular heading can be construed as an allegation, Apple specifically denies all such
allegations. Where necessary, Apple makes amendments to Neonode's headings in brackets.

Patents,[2] directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 1.

2.      Apple admits that the first page of U.S. Patent No. 8,095,879 ("the '879 patent") displays January 10, 2012 as its issue date and "User Interface for Mobile Handheld Computer Unit" as its title.  Apple is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and characterizations in Paragraph 2, and therefore Apple denies them.

3.      Apple admits that the first page of U.S. Patent No. 8,812,993 ("the '993 patent") displays August 19, 2014 as its issue date and "User Interface" as its title.  Apple further admits that the first page of the '993 patent displays "Continuation of application No. 10/315,250, filed on Dec. 10, 2002, now Pat. No. 8,095,879."  Apple is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and characterizations in Paragraph 3, and therefore Apple denies them.

4.      To the extent Paragraph 4 of the Complaint implicates legal conclusions, no response is required.  Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and characterizations in Paragraph 3, and therefore Apple denies them.

5.      To the extent Paragraph 5 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Neonode

---

[2] U.S. Patent Nos. 8,095,879 ("the '879 patent") and 8,812,993 ("the '993 patent") (collectively, "the Asserted Patents").

Smartphone purports to seek monetary damages, prejudgment interest, injunctive relief, and other relief.  Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 5.

## PARTIES

6.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 6, and therefore denies them.

7.      To the extent Paragraph 7 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it is a California corporation.  Apple further admits that it has an office located at 12545 Riata Vista Circle, Austin, Texas 78727.  Apple is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and characterizations in Paragraph 7, and therefore Apple denies them.

8.      To the extent Paragraph 8 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it has retail locations at 2901 S. Capital of Texas Hwy, Austin, Texas 78746 in Barton Creek Square ("Apple Barton Creek") and at 3121 Palm Way, Austin, Texas 78758 in Domain Northside ("Apple Domain Northside").  Apple further admits that it offers for sale and sells Apple iPhones at Apple Barton Creek and Apple Domain Northside.  Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 8.

9.      Apple admits that it can be served with process through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

10.      Apple admits that this is a purported action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.  Apple further admits that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      Apple does not contest whether personal jurisdiction properly lies over Apple by this Court, solely for purposes of this action.  Apple admits that it has offices and retail locations within this District.  Apple further admits its website www.apple.com solicits sales of Apple products to consumers in this District and in Texas.  Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 11.

12.      Neonode Smartphone's venue allegation calls for a legal conclusion and therefore no answer is required.  Apple admits that it has an office located at 12545 Riata Vista Circle, Austin, Texas 78727.  Apple admits that it has and continues to offer for sale and sell products in this District.  Apple further admits that its customers from within this District can access Apple's technical support website at https://support.apple.com/.  Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 12.

## THE PATENTS-IN-SUIT

13.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 13 of the Complaint, and therefore denies them.

14.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 14 of the Complaint, and therefore denies them.

15.     To the extent Paragraph 15 of the Complaint implicates legal conclusions, no response is required.  Apple denies that the allegations and characterizations contained in Paragraph 15 constitute a complete and accurate description of the Asserted Patents.  Apple further denies that the Asserted Patents disclose anything novel or nonobvious, and Apple denies that the Asserted Patents claim patent-eligible subject matter.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 15, and therefore denies them.

16.     To the extent Paragraph 16 of the Complaint implicates legal conclusions, no response is required.  Apple denies that the allegations and characterizations contained in Paragraph 16 constitute a complete and accurate description of the Asserted Patents.  Apple further denies that the Asserted Patents disclose anything novel or nonobvious, and Apple denies that the Asserted Patents claim patent-eligible subject matter.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 16, and therefore denies them.

## APPLE'S [ALLEGED] KNOWLEDGE OF THE PATENTS-IN-SUIT

17.     To the extent Paragraph 17 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it has known of the '879 patent since shortly after January 10, 2012.  Apple denies the remaining allegations and characterizations contained in Paragraph 17 of the Complaint.

18.     Apple admits that it filed a complaint on February 8, 2012 against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, in the U.S. District Court for the Northern District of California, Case No. 5:12-cv-00630-LHK ("the *Apple v. Samsung* litigation").  Apple admits that in the *Apple v. Samsung* litigation, Apple alleged that Samsung had infringed and was infringing certain Apple patents, including U.S. Patent No. 8,046,721, entitled "Unlocking a device by performing gestures on an unlock image."  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 18, and therefore denies them.

19.     Apple denies the allegations and characterizations contained in Paragraph 19 of the Complaint.

20.     To the extent Paragraph 20 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits Neonode Smartphone purports that an article entitled "Neonode Beat Apple By Three Years With The Swipe-To-Unlock Patent" was published on February 22, 2012 in The Tech Journal online at https://thetechjournal.com/tech-news/industry-news/neonode-beat-apple-by-three-years-with-the-swipe-to-unlock-patent.xhtml and purports to refer to the article for its content and context.

Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 20, and therefore denies them.

21.     To the extent Paragraph 21 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Neonode Smartphone purports that an article entitled "A Swedish Company Claims It Owns A Swipe Patent Used By Apple" was published on February 27, 2012 in The Tech Journal online at https://techcrunch.com/2012/02/27/a-swedish-company-claims-it-owns-a-swipe-patent-that-is-used-by-apple/ and purports to refer to the article for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 21, and therefore denies them.

22.     To the extent Paragraph 22 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Neonode Smartphone purports that an article entitled "Swedish company claims rights to 'slide to unlock' with new UI patent" was published on February 28, 2012 in appleinsider online at https://appleinsider.com/articles/12/02/28/swedish_company_claims_rights_to_slide_to_unlock_with_new_ui_patent and purports to refer to the article for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 22, and therefore denies them.

23.     To the extent Paragraph 23 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that on or about March 19, 2012, Joseph Shain and Thomas Eriksson were deposed by counsel for Motorola Mobility, Inc. and Apple in *Motorola Mobility, Inc. v. Apple, Inc.* in the U.S. District Court for the Southern District of Florida, Case No. 1:10-cv-023580.  Except as specifically admitted and

to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 23.

24.     To the extent Paragraph 24 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it has known of the '993 patent since shortly after August 19, 2014.  Apple denies the remaining allegations and characterizations contained in Paragraph 24 of the Complaint.

25.     To the extent Paragraph 25 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that on or about July 8, 2013, Samsung filed "Samsung's Reduction of Invalidity References," Dkt. No. 671, in the *Apple v. Samsung* litigation, and that the filing identified the "Neonode N1 Quickstart Guide V0.5" as a reference against U.S. Patent No. 8,046,721 ("the '721 patent").  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 25.

26.     To the extent Paragraph 26 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the jury verdict form in the *Apple v. Samsung* litigation, Dkt. No. 1884, indicates that the jury found a claim of the '721 patent was infringed by certain Samsung products and that the patent was not invalid. Apple admits that on or about November 25, 2014, Samsung filed a "Notice of Appeal," Dkt. No. 2077, in the *Apple v. Samsung* litigation, giving notice that the Samsung defendants "appeal to the United States Court of Appeals for the Federal Circuit from the final judgment entered November 25, 2014 (Dkt. No. 2076), each and every part thereof insofar as adverse to Samsung on either Apple Inc.'s claims or Samsung's counterclaims."  Apple admits that the Federal Circuit, in *Apple Inc. v. Samsung Elecs. Co.*, 816 F.3d 788 (Fed. Cir. 2016), reversed the district

court's judgment of no invalidity with respect to obviousness of the '721 patent. Apple admits that the Federal Circuit, sitting *en banc*, in *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1039 (Fed. Cir. 2016), affirmed and reinstated the district court's judgment as to the '721 patent. Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 26, and therefore denies them.

27. To the extent Paragraph 27 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 27.

28. To the extent Paragraph 28 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that in May 2017, Joseph Shain of Neonode Inc. exchanged emails with Ms. Denise Kerstein. Apple denies that these communications constitute any type of notice of infringement. Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 28, and therefore denies them.

29. To the extent Paragraph 29 of the Complaint implicates legal conclusions, no response is required. Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 29, and therefore denies them.

30. To the extent Paragraph 30 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that on July 21, 2017, Elaine Wong of Apple sent an email to Mr. Shain. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 30.

## THE [ALLEGED] INFRINGING APPLE DEVICES

31.     To the extent Paragraph 31 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits iPhone X was announced on or about September 12, 2017.  Apple admits Neonode Smartphone purports to refer to https://www.apple.com/newsroom/2017/09/the-future-is-here-iphone-x/ for its content and context.  Apple admits Neonode Smartphone purports to show an image the iPhone X display and purports to refer to the image for the content and context.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 31.

32.     To the extent Paragraph 32 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits iPhone X was released in the United States on or about November 3, 2017.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 32.

33.     To the extent Paragraph 33 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that during its Worldwide Developer Conference on or about June 2, 2014, it announced the "ability to install system-wide, third-party keyboards" on devices running iOS 8, and in connection with that announcement, displayed the Swype keyboard application.  Apple further admits Neonode Smartphone purports to show an image from https://www.youtube.com/watch?v=w87fOAG8fjk and purports to refer to the image for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 33, and therefore denies them.

34.     To the extent Paragraph 34 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits iOS 8 was initially released on or about September 17, 2014.  Apple admits Neonode Smartphone purports to show an image from https://www.apple.com/my/ios/whats-new/quicktype/ and purports to refer to the image for the content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 34, and therefore denies them.

35.     To the extent Paragraph 35 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits Neonode Smartphone purports to refer to https://www.tomsguide.com/us/swype-ios8-keyboard,review-2398.html for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 35, and therefore denies them.

36.     To the extent Paragraph 36 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits Neonode Smartphone purports to refer to https://appletoolbox.com/use-quickpath-ipados-keyboard-feature/ for its content and context.  Apple admits Neonode Smartphone purports to refer to https://www.cnet.com/how-to/how-to-use-the-iphones-new-slide-to-type-keyboard-in-ios-13/ for its content and context.  Apple admits Neonode Smartphone purports to refer to https://www.groovypost.com/howto/use-quickpath-updated-ios-keyboard/ for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 36, and therefore denies them.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '879 PATENT

37.     Paragraphs 1-36 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1-36.

38.     To the extent Paragraph 38 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 38.

39.     To the extent Paragraph 39 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Paragraph 39 purports to include claim 1 from the '879 patent.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 39.

40.     To the extent Paragraph 40 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 40.

41.     To the extent Paragraph 41 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of

Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 41.

42.     To the extent Paragraph 42 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 42.

43.     To the extent Paragraph 43 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 43.

44.     To the extent Paragraph 44 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Paragraph 39 purports to include claim 1 from the '879 patent.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 44.

45.     To the extent Paragraph 45 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 45.

46.     To the extent Paragraph 46 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 46.

47.     To the extent Paragraph 47 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 47.

48.     To the extent Paragraph 48 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 48.

49.     To the extent Paragraph 49 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 49.

50.     To the extent Paragraph 50 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Paragraph 39 purports to include claim 1 from the '879 patent.  Apple denies that it infringes or has infringed

any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 50.

51.     To the extent Paragraph 51 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 51.

52.      To the extent Paragraph 52 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 52.

53.     To the extent Paragraph 53 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 53.

54.     To the extent Paragraph 54 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that Paragraph 54 identifies any device that Apple has sold or offered to sell within the United States.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a

15

response is required, Apple denies the allegations and characterizations contained in Paragraph 54.

54.

55.     To the extent Paragraph 55 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it has sold and offered for sale Apple iPhones, iPads, and Watches.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 55.

56.     To the extent Paragraph 56 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 56, and therefore denies them.

57.     To the extent Paragraph 57 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 57, and therefore denies them.

16

58.     To the extent Paragraph 58 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 58, and therefore denies them.

59.     To the extent Paragraph 59 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 59, and therefore denies them.

60.     To the extent Paragraph 60 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 60, and therefore denies them.

61.     To the extent Paragraph 61 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-

developed applications are available for download on Apple's App Store.  Apple denies that it

infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under

the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a

belief as to the truth of remaining allegations and characterizations in Paragraph 61, and

therefore denies them.

62.     To the extent Paragraph 62 of the Complaint implicates legal conclusions, no

response is required.  To the extent that a response is required, Apple admits that third-party-

developed applications are available for download on Apple's App Store.  Apple denies that it

infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under

the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a

belief as to the truth of remaining allegations and characterizations in Paragraph 62, and

therefore denies them.

63.     To the extent Paragraph 63 of the Complaint implicates legal conclusions, no

response is required.  To the extent that a response is required, Apple admits that third-party-

developed applications are available for download on Apple's App Store.  Apple denies that it

infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under

the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a

belief as to the truth of remaining allegations and characterizations in Paragraph 63, and

therefore denies them.

64.     To the extent Paragraph 64 of the Complaint implicates legal conclusions, no

response is required.  To the extent that a response is required, Apple admits that third-party-

developed applications are available for download on Apple's App Store.  Apple denies that it

infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under

the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 64, and therefore denies them.

65.     To the extent Paragraph 65 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 65, and therefore denies them.

66.     To the extent Paragraph 66 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple further admits that during its Worldwide Developer Conference on June 2, 2014, it announced the "ability to install system-wide, third-party keyboards" on devices running iOS 8, and in connection with that announcement, displayed the Swype keyboard application.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 66, and therefore denies them.

67.     To the extent Paragraph 67 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under

the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 67, and therefore denies them.

68.     To the extent Paragraph 68 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 68.

69.     To the extent Paragraph 69 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple admits that it provides the ability for users of certain Apple products to download and install certain newer versions of relevant operating systems.  Apple admits Neonode Smartphone purports to refer to https://support.apple.com/ios/update for its content and context.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 69, and therefore denies them.

70.     To the extent Paragraph 70 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 70, and therefore denies them.

71.     Neonode Smartphone's allegation in Paragraph 71 of the Complaint calls for a legal conclusion and therefore no answer is required.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 71, and therefore denies them.

72.     To the extent Paragraph 72 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it provides the ability for users of certain Apple products to download and install certain newer versions of relevant operating systems.  Apple admits that Apple's QuickPath feature is included in iOS 13. Apple admits Neonode Smartphone purports to refer to https://support.apple.com/ios/update for its content and context.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 72, and therefore denies them.

73.     To the extent Paragraph 73 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits Neonode Smartphone purports to show a first image from https://www.apple.com/ios/ios-13 that purportedly displays the words "QuickPath typing" and "Type by swiping from one letter to the next" adjacent to a device and purports to refer to the image for the content and context, however, Apple denies that this satisfies any claim limitation.  Apple further admits Neonode Smartphone purports to show a second image from https://www.apple.com/ios/ios-13 that purportedly includes the words "QuickPath typing," "Simply swipe from one letter to the next without lifting your finger to enter a word," and "On-device machine learning recognizes the

path you draw and converts it for you, making one-handed typing a breeze," however, Apple denies that this satisfies any claim limitation. Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 73.

74.     To the extent Paragraph 74 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits Neonode Smartphone purports to show an image from https://www.apple.com/ipados/ that purportedly displays the words "QuickPath typing" and "Type by swiping from one letter to the next" adjacent to a device and purports to refer to the image for the content and context, however, Apple denies that this satisfies any claim limitation. Apple further admits Neonode Smartphone purports that if a user of the website clicks the "plus" sign located in the lower right corner of the image shown in Paragraph 74, text that is purportedly materially identical to that displayed in the second image shown in Paragraph 73 purportedly appears, and that Neonode Smartphone purports to refer to the image for the content and context, however, Apple denies that this satisfies any claim limitation. Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 74.

75.     To the extent Paragraph 75 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits Neonode Smartphone purports to show an image of an Apple iPhone with iOS 13 that purportedly includes the words "What's New," "Swipe to type," and "To type a word, move from letter to

letter without lifting your finger" on the device display and purports to refer to the image for the content and context, however, Apple denies that this satisfies any claim limitation.  Apple admits that in certain use case scenarios the display depicted graphically in Paragraph 75 of the Complaint may be displayed, however, Apple denies that this satisfies any claim limitation. Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 75, and therefore denies them.

76.     To the extent Paragraph 76 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits Neonode Smartphone purports to show an image of an Apple device display that purportedly contains a notification with the words "TIPS," "Swipe to type," and "Learn how to type without lifting a finger" and purports to refer to the image for the content and context, however, Apple denies that this satisfies any claim limitation.  Apple admits that in certain use case scenarios the display depicted graphically in Paragraph 76 of the Complaint may be displayed, however, Apple denies that this satisfies any claim limitation.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 76, and therefore denies them.

77.     To the extent Paragraph 77 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it has sold Apple iPhones and iPads accused of infringement.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.

Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 77.

78.     To the extent Paragraph 78 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 78.

79.     To the extent Paragraph 79 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it has known of the '879 patent since at least February 22, 2012.  Apple denies the remaining allegations and characterizations contained in Paragraph 79.

80.     To the extent Paragraph 80 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it provides the ability for users of certain Apple products to download and install certain newer versions of relevant operating systems.  Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple further admits that during its Worldwide Developer Conference on June 2, 2014, it announced the "ability to install system-wide, third-party keyboards" on devices running iOS 8, and in connection with that announcement, displayed third party Swype's keyboard application.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 80, and therefore denies them.

81.     To the extent Paragraph 81 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it provides the ability for users of certain Apple products to download and install certain newer versions of relevant operating systems.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 81.

82.     To the extent Paragraph 82 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 82, and therefore denies them.

83.     To the extent Paragraph 83 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it develops iOS and iPadOS operating systems, and provides them for use on certain Apple products.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 83, and therefore denies them.

84.     To the extent Paragraph 84 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-

developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 84, and therefore denies them.

85.     To the extent Paragraph 85 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it develops iOS and iPadOS operating systems, and provides them for use on certain Apple products.  Apple admits that it provides the ability for users of certain Apple products to download and install certain newer versions of relevant operating systems.  Apple admits that Apple's QuickPath functionality is included in iOS 13.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 85, and therefore denies them.

86.     To the extent Paragraph 86 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that third-party-developed applications are available for download on Apple's App Store.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 86, and therefore denies them.

87.     To the extent Paragraph 87 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that it develops iOS

and iPadOS operating systems, and provides them for use on certain Apple products.  Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 87, and therefore denies them.

88.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 88 of the Complaint, and therefore denies them.

89.     To the extent Paragraph 89 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it has known of the '879 patent since at least February 22, 2012.  Apple denies the remaining allegations and characterizations contained in Paragraph 89.

90.     To the extent Paragraph 90 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the '879 patent is not invalid and is enforceable.  Apple denies the remaining allegations and characterizations contained in Paragraph 90.

91.     To the extent Paragraph 91 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '879 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 91.

## COUNT II: [ALLEGED] INFRINGEMENT OF THE '993 PATENT

92.     Paragraphs 1-91 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1-91.

93.     To the extent Paragraph 93 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 93.

94.     To the extent Paragraph 94 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Paragraph 94 purports to include claim 1 from the '993 patent.  Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 94.

95.     To the extent Paragraph 95 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 95.

96.     To the extent Paragraph 96 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of

Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 96.

97.     To the extent Paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 97.

98.     To the extent Paragraph 98 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 98.

99.     To the extent Paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 99.

100.    To the extent Paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 100, and therefore denies them.

101.     To the extent Paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 101, and therefore denies them.

102.     Neonode Smartphone's allegation in Paragraph 102 of the Complaint calls for a legal conclusion and therefore no answer is required.  Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 102, and therefore denies them.

103.     To the extent Paragraph 103 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits Neonode Smartphone purports to show three images from https://support.apple.com/en-us/HT208109 that purportedly provide instructions concerning how to "[u]nlock your iPhone or iPad with Face ID" and purports to refer to the images for their content and context, however, Apple denies that this satisfies any claim limitation.  Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 103.

104.     Neonode Smartphone's allegation in Paragraph 104 calls for a legal conclusion and therefore no answer is required.  Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is

without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 104, and therefore denies them.

105.     To the extent Paragraph 105 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it has known of the '993 patent since shortly after August 19, 2014.  Apple denies the remaining allegations and characterizations contained in Paragraph 105.

106.     Neonode Smartphone's allegation in Paragraph 106 calls for a legal conclusion and therefore no answer is required.  Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and characterizations in Paragraph 106, and therefore denies them.

107.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 107 of the Complaint, and therefore denies them.

108.     To the extent Paragraph 108 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it has known of the '993 patent since shortly after August 19, 2014.  Apple denies the remaining allegations and characterizations contained in Paragraph 108.

109.     To the extent Paragraph 109 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that the '993 patent is not invalid and is enforceable.  Apple denies the remaining allegations and characterizations contained in Paragraph 109.

110.    To the extent Paragraph 110 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '993 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 110.

## DEMAND FOR JURY TRIAL

111.    This paragraph sets forth Plaintiff's demand for jury trial to which no response is required.

## PRAYER FOR RELIEF

This section of the Complaint sets forth Neonode Smartphone's requested relief to which no response is required.  Apple denies that Neonode Smartphone is entitled to any relief sought in its Prayer for Relief or otherwise.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### First Affirmative Defense

### (Failure to State a Claim)

1.    Neonode's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

### (Non-Infringement)

2.    Neonode Smartphone's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and

enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### Third Affirmative Defense

### (Invalidity)

3.        Neonode Smartphone's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

### Fourth Affirmative Defense

### (Prosecution History Estoppel)

4.        Neonode Smartphone's claims are barred in whole or in part by reason of estoppel.

5.        Neonode Smartphone is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

### Fifth Affirmative Defense

### (Limitation of Remedies)

6.        Neonode Smartphone's remedies are limited under 28 U.S.C. § 1498(a). Apple is not liable to the extent the accused devices were used or manufactured by or for the United

States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

### Sixth Affirmative Defense

### (Limitation on Damages)

7.      To the extent that Neonode Smartphone and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Neonode Smartphone for the acts alleged to have been performed before Apple received actual notice that the accused devices were allegedly infringing the Asserted Patents.

### Seventh Affirmative Defense

### (Unclean Hands / Equitable Estoppel / Acquiescence / Waiver)

8.      Neonode Smartphone's attempted enforcement of the Asserted Patents against Apple is barred by unclean hands, equitable estoppel, acquiescence, and/or waiver.

### Eighth Affirmative Defense

### (Adequate Remedy Other Than Injunctive Relief)

9.      Neonode Smartphone is not entitled to injunctive relief, as, at a minimum, it has no irreparable injury, it has an adequate remedy at law for Apple's alleged infringement, the balance of hardships do not tip in its favor, and the public interest would be disserved by an injunction.

**Ninth Affirmative Defense**

**(Ensnarement of Prior Art)**

10.     To the extent that Neonode Smartphone alleges that Apple infringes the Asserted Patents by equivalents, Neonode Smartphone's claims for relief are barred, in whole or in part, by ensnaring the prior art.

**Tenth Affirmative Defense**

**(Lack of Standing)**

11.     Upon information and belief, Neonode Smartphone lacks standing to sue for infringement of, or assert any rights in, the Asserted Patents.

**Eleventh Affirmative Defense**

**(Statute of Limitations)**

12.     To the extent Neonode Smartphone seeks recovery for any alleged infringement committed more than six years prior to filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

Date:  September 4, 2020                              Respectfully submitted,

                                                     FISH & RICHARDSON P.C.

                                        By:  /s/ Betty Chen
                                             Betty Chen
                                             Texas Bar Number 24056720
                                             bchen@fr.com
                                             FISH & RICHARDSON P.C.
                                             500 Arguello Street, Suite 500
                                             Redwood City, CA 94063
                                             Telephone: 650-839-5070
                                             Facsimile: 650-839-5071

                                             COUNSEL FOR DEFENDANT APPLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on September 4, 2020 to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

                                             /s/    Betty Chen