# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:20-cv-00505 |
| | § | |
| APPLE INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

**DECLARATION OF MARK ROLLINS IN SUPPORT OF DEFENDANT APPLE INC.'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

I, Mark Rollins, hereby declare and state as follows:

1.  I am over 18 years of age and competent to make this declaration.  I am employed as a Finance Manager at Apple Inc. ("Apple") and my primary place of work is Sunnyvale, California.  I have been employed by Apple since 2019.

2.  I provide this declaration in support of Apple's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) to the Northern District of California ("NDCA") filed in the above-captioned case.  Unless otherwise indicated below, the statements in this declaration are based upon my personal knowledge, my review of corporate records maintained by Apple in the ordinary course of business, and/or my discussions with Apple employees.  If called to testify as a witness in this matter, I could and would testify competently and truthfully to each of the statements in this declaration under oath.

3.  Apple is a California corporation and was founded in 1976.  Apple is a global business headquartered in Cupertino, California, which is in the NDCA.  I understand that the NDCA includes the following counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa

Cruz, and Sonoma.  Apple's management and primary research and development facilities are located in or near Cupertino, including surrounding cities such as Sunnyvale, all of which are located in the NDCA.  The primary operation, marketing, sales, and finance decisions for Apple also occur in or near Cupertino, and Apple business records related to product revenue are located there.  As of November 2020, Apple has more than 35,000 employees who work in or near its Cupertino headquarters.

4.    I understand that Neonode Smartphone LLC ("Neonode" and/or "Plaintiff") filed the above-captioned patent infringement lawsuit against Apple in the United States District Court for the Western District of Texas ("WDTX").  In its Complaint for Patent Infringement filed on June 8, 2020 ("the Complaint"), Plaintiff alleges infringement of U.S. Patent Nos. 8,095,879 (the "'879 Patent"), titled "User Interface for Mobile Handheld Computer Unit" and 8,812,993 (the "'993 Patent"), titled "User Interface" (collectively, the "Asserted Patents"). Complaint ¶¶ 2, 3 and Asserted Patents.

5.    Based on the Plaintiff's Complaint, I understand that the Asserted Patents generally relate to "technology for presenting and interacting with a user interface of a mobile handheld computer unit that includes a touch sensitive display." Complaint ¶ 14.  Despite this vague allegation, for purposes of this motion to transfer, I understand based on Plaintiff's Preliminary Disclosure of Infringement Contentions and Priority Dates ("Contentions") that Neonode's infringement allegations for the '879 Patent and '993 Patent relate to touch technology, including Apple's "Swipe to Open," "Control Bar" and "QuickPath" features, as well as third-party Apps that include code for enabling swipe typing functionality (collectively, the "Accused Features").

6.   Based on Plaintiff's Contentions, I understand that Plaintiff identified the following Apple products of infringing the Asserted Patents ("Accused Products"):

- "Swipe to Open" and "Control Bar" features ('993 Patent): Apple iPhone X, XR, XS, XS Max, 11, 11 Pro and 11 Pro Max devices, and iPad Pro third and fourth generation devices (Contentions, chart 3, pp. 1-16).

- "Control Bar" feature ('879 Patent): Apple iPhone X, XR, XS, XS Max, 11, 11 Pro and 11 Pro Max devices, and iPad Pro third and fourth generation devices (Contentions, chart 2, pp. 1-15).

- "QuickPath" feature ('879 Patent): "iPhone SE, iPhone 6s Plus, iPhone 6s, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XR, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone SE (2nd generation), iPad Air 2, iPad Air (3d generation), iPad mini 4, iPad (5th, 6th generation), iPad mini (5th generation), iPad Pro (1st, 2nd, 3rd, 4th generation)" operating on "iOS 13 or iPadOS (as well as later versions of iOS or iPadOS)") (Contentions, chart 1, fn. 1, fn. 63).

- Third-party "Swipe-Typing Keyboard App Devices" and mobile devices that include code for enabling swipe typing functionality ('879 Patent): "iPhone 4s, iPhone 5, iPhone 5C, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone SE, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XR, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone SE (2nd generation), iPad Air 2, iPad Air (3d generation), iPad mini 4, iPad mini (5th generation), iPad (5th, 6th, 7th generations), and iPad Pro (1st, 2nd, 3rd, 4th generations), and Apple Watch" operating on "iOS 8 and later

3

versions of iOS, iPadOS or WatchOS, and to which a Third-Party Swipe-Typing

Keyboard App…has been downloaded." (Contentions, chart 1, fn. 2).

7.   To the best of my knowledge, nearly all of Apple's engineers who participated in

or are knowledgeable about the research, design, and development of the Accused Features have

a primary place of work in the NDCA.  I am not aware of any Apple employees located in the

WDTX who worked on the research, design, or development of the Accused Features.  I

understand that working files, electronic documents concerning the Accused Features reside on

local computers and/or servers either located in or around the NDCA or accessible in the

NDCA.  To my knowledge, Apple does not have any unique working files or documents

relevant to this case located in the WDTX.  I further understand that the relevant source code

associated with the Accused Features was developed and tested in California. I understand that

access to this source code is controlled on a need-to-know basis, and that the source code can be

accessed by Apple employees working on the Accused Products in the NDCA. I am not aware

of any relevant source code relating to the Accused Products that was developed, coded or

tested in Texas.

8.   I spoke with Nima Parivar who is a Senior Manager of the Human Interface

Device ("HID") Software Group at Apple.  Mr. Parivar's primary workplace is in the NDCA.

Mr. Parivar and his team are responsible for the research, design, and development related to

certain touch software used in Apple's iPhone and iPad devices, which I understand is related to

the Accused Features.  Mr. Parivar confirmed that the research, design, and development

associated with the relevant portions of touch software for iPhone and iPad devices occurred in

the NDCA.  Mr. Parivar further confirmed that the majority of United States based Apple

employees who currently work on touch software related to iPhone and iPad devices have a

4

primary workplace on the West Coast.  Neither Mr. Parivar nor any employee on his team who work on the Accused Features are located in the WDTX.  Mr. Parvivar has never traveled to Texas in connection with his work on the Accused Features.  Mr. Parvivar confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on the Accused Features.

9.   I spoke with Mohammed Jisrawi who is a Software Development Engineer on the UIKit Team within the Swift Platform Experience Group at Apple.  Mr. Jisrawi's primary workplace is in the NDCA.  Mr. Jisrawi and his sub-team within the broader UIKit team are responsible for the research, design, and development related to UIKit software used in Apple's iPhone devices related to the flashlight and camera icons on the Lock Screen, which I understand Plaintiff asserts are related to the Asserted Patents.  Mr. Jisrawi confirmed that the research, design, and development associated with the UIKit software related to the flashlight and camera icons on the Lock Screen for iPhone devices occurred in the NDCA.  Mr. Jisrawi further confirmed that the United States based Apple employees who currently work on the UIKit software related to the flashlight and camera icons on the Lock Screen for iPhone devices have a primary workplace in the NDCA.  Neither Mr. Jisrawi nor any employee on his sub-team who work on the Accused Features are located in the WDTX.  Mr. Jisrawi has never traveled to Texas in connection with his work on the Accused Features.  Mr. Jisrawi confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on the Accused Features.

10. I spoke with Shubham Kedia who was, until recently, a Senior Software Development Engineer on the Springboard Team within the iOS System Experience Group at Apple.  Mr. Kedia is now a Designer as part of the Apple Design team.  Mr. Kedia's primary

workplace is in the NDCA.  Mr. Kedia and his sub-team within the broader Springboard Team were responsible for the research, design, and development related to Springboard software used in Apple iPhone and iPad devices related to the use of gestures to transition from the Lock Screen to the Control Center, which I understand Plaintiff asserts is related to the Asserted Patents.  Mr. Kedia still works on the system user interface for Apple iPhone and iPad devices, but focuses on design work related to gestures rather than software development.  Mr. Kedia confirmed that the research, design, and development associated with the Springboard software related to the use of gestures to transition from the Lock Screen to the Control Center for iPhone and iPad devices occurred in the NDCA.  Mr. Kedia further confirmed that the United States based Apple employees who currently work on the Springboard software related to the use of gestures to transition from the Lock Screen to the Control Center for iPhone and iPad devices have a primary workplace in the NDCA.  Neither Mr. Kedia nor any employee on his team who work on the Accused Features are located in the WDTX.  Mr. Kedia has never traveled to Texas in connection with his work on the Accused Features.  Mr. Kedia confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on the Accused Features.

11. I spoke with Patrick Demasco who is a Software Engineering Manager on the iOS Keyboard Foundation Team within the iOS System Experience Group at Apple.  Mr. Demasco's primary workplace is in the NDCA.  Mr. Demasco and his team are primarily responsible for the research, design, and development of QuickPath software used in Apple's iPhone and iPad devices, which I understand Plaintiff asserts is related to the Asserted Patents. Mr. Demasco confirmed that the research, design, and development associated with the original QuickPath software for iPhone and iPad devices occurred in the NDCA.  Mr. Demasco further

6

confirmed that the United States based Apple employees who currently work on QuickPath software related to iPhone and iPad devices have a primary workplace in the NDCA.  Neither Mr. Demasco nor any employee on his team who work on the Accused Features are located in the WDTX.  Mr. Demasco has never traveled to Texas in connection with his work on the Accused Features.  Mr. Demasco confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on the Accused Features.

12. I spoke with Apple employee Randal Marsden.  Mr. Marsden's primary workplace is in the NDCA.  Mr. Marsden is currently a Software Development Engineering Manager in the iOS System Experience Group at Apple.  Mr. Marsden is a co-founder of Swype Inc., a touch technology company.  Mr. Marsden is familiar with touchscreen keyboards dating back to at least 2001 as a result of his work with Swype Inc.  Mr. Marsden works in the NDCA.  Mr. Marsden has never traveled to Texas in connection with his work on the Accused Features.  Mr. Marsden confirmed that neither he nor any of his team members works with any individuals located in Texas in connection with their work on the Accused Features.

13. To the best of my knowledge, nearly all Apple employees who have knowledge relevant to marketing, licensing, and financial records related to the Accused Products work in or near the NDCA.  I am not aware of any Apple employee who has unique information relevant to this case and are located in the WDTX.  To the best of my knowledge, related working files, electronic documents, and business records reside on local computers and/or servers either located in or around the NDCA or accessible in NDCA.  I am not aware of any unique Apple working files or documents located in the WDTX that are relevant to this case.

14. The Apple employees whom Apple expects will be willing witnesses and who have knowledge relevant to marketing, licensing, or financials are myself, Stephen Tonna, and

7

Jayna Whitt.  As described below, all of these individuals – including myself – have a primary workplace in or near the NDCA.  I am not aware of any anticipated witnesses of Apple located in the WDTX.

15. I spoke with Stephen Tonna who is a Director of Platform Product Marketing in the OS Product Marketing Group at Apple.  Mr. Tonna's primary workplace is in the NDCA. Mr. Tonna is responsible for the marketing and promotion of the Accused Products.  Mr. Tonna also contributes to the concept design and marketing and promotion of features related to iPhone devices.  Mr. Tonna confirmed that he is knowledgeable of the Accused Features as they relate to iPhone products.  Mr. Tonna also confirmed that the primary place of work for employees on his team is the NDCA.  Neither Mr. Tonna nor any employees on his team are located in the WDTX.  Mr. Tonna does not travel to Texas in connection with his work on the Accused Features in the normal course of business.  Mr. Tonna confirmed that neither he nor any of his team members regularly works with any individuals located in Texas in with the normal course of their work on the Accused Features.

16. I spoke with Jayna Whitt who is a Principal Counsel in the Intellectual Property Transaction Group at Apple.  Ms. Whitt's primary workplace is the NDCA.  Ms. Whitt and her team are responsible for intellectual property licensing at Apple.  Ms. Whitt confirmed that she is knowledgeable about licensing of intellectual property, including patent rights, by and to Apple.  Ms. Whitt also confirmed that the primary place of work for employees on her team is in the NDCA with the exception of two individuals (both based remotely in Colorado).  Neither Ms. Whitt nor any employee on her team are located in the WDTX.

17. I am knowledgeable about Apple's sales and financial information concerning the Accused Products.  My primary workplace is in the NDCA.  The primary place of work of

employees on my team is the NDCA.  Documents concerning sales and financial information

for the Accused Products reside on local computers and/or servers either located in or around

the NDCA or accessible in the NDCA.  Neither I nor any employee on my team are located in

Texas. I have never traveled to the Texas in connection with my work on this team.  None of

my team members work with any individuals located in Texas with respect to financials

relevant to the Accused Products in this matter.

18. As of the date of this declaration, Apple operates over 270 retail stores in the

United States, more than 50 of which are in California, including 19 stores in the NDCA.  Apple

has two retail stores in Austin, two retail stores in San Antonio, and one store in El Paso,

located in the WDTX.  I am not aware of any retail employee in these retail stores who was ever

involved in the research, design, development, or marketing of the Accused Features.  To the

extent that any of the Accused Products are sold in the WDTX, they are and were sold

nationwide, and are not offered in any manner or degree differently than they are offered

elsewhere.  Apple has non-retail offices in Austin and Lockhart, Texas (located in the WDTX)

and Dallas and Garland, Texas (located in the Northern District of Texas).  To the best of my

knowledge, however, Apple employees with relevant information relating to the Accused

Features and Accused Products are located in the NDCA.

19. I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge and that this declaration was executed this 4th day of November 2020, in

Santa Clara, California.

_____

Mark Rollins