# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>      Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>      Defendant. | Civil Action No. 6:20-cv-00505-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF NEONODE SMARTPHONE LLC'S OPPOSITION TO APPLE INC.'S MOTION TO STAY PENDING TRANSFER**

**I.      INTRODUCTION**

The Court should deny Apple Inc.'s ("Apple's") Motion to Stay Pending Transfer (Dkt. #28), because Apple fails to show that any of the pertinent factors favor the imposition of a stay. Here, a stay would:

- Prejudice Neonode Smartphone LLC ("Neonode"), which will suffer delay in the vindication of its patent rights for no justifiable purpose, in the face of Apple's tactical gamesmanship surrounding the timing of its request for a stay;

- Avoid no hardship purportedly to be suffered by Apple, which will be put to the task of producing invalidity contentions and participating the claim construction process regardless of whether this case progresses in this Court or in its favored venue, the Northern District of California; and

- Conserve no judicial resources, as the Markman hearing in this action is set for April 8, 2021, giving this Court more than sufficient time to rule on Apple's meritless transfer motion.

Accordingly, Apple is not entitled to a stay. This Court should therefore deny Apple's Motion.

**II.     ARGUMENT**

Apple and Neonode agree that courts in this District consider three factors in determining whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). Apple contends that all three factors favor a stay of this case pending the resolution of Apple's Motion to transfer. In fact, none of them do.

1

### A. The Federal Circuit has not Instructed District Courts to Stay Cases Pending the Resolution of Transfer Motions

Apple opens by citing several opinions that it characterizes as recognizing the importance of staying cases during the pendency of transfer motions. Apple oversells the significance of these cases. In *In re Google Inc.*, 2015 WL 5294800 (Fed. Cir. 2015) (nonprecedential), the Federal Circuit granted a petition for mandamus and directed the district judge to rule on a transfer motion that had been pending for eight months and to stay proceedings in the case pending completion of the matter, due to "this passage of time and magistrate judge's ordering of substantive development of the case." Id., at *2. Here, there has been no such delay. *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (nonprecedential) involved a request to sever and stay claims against retailers of accused products and transfer the main case against the manufacturer to another district, not a request to stay the case pending resolution of a transfer motion. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) and *Klein v. Silversea Cruises, Ltd.*, 2014 WL 7174299 (N.D. Tex. Dec. 16, 2014) merely stand for the proposition that a district court has discretion to stay proceedings, such as discovery, in appropriate circumstances; not a controversial proposition. Finally, *DSS Tech. Mgmt. Inc., v. Apple Inc.*, No. 6:13-cv-919, Dkt. No. 83 (E.D. Tex. Oct. 28, 2014) is simply a one-sentence order with no explanation or analysis.

Apple next cites to several cases that it characterizes as "instruct[ing] District Courts and the parties to prioritize transfer motions before other substantive issues." Here again, these cases shed little light on the issue of whether <u>this</u> action should be stayed pending the resolution of Apple's transfer motion. In *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003), the district court waited thirteen months to rule on a motion to transfer, which prompted the circuit court to chide the district court on the delay; no such delay has occurred or is likely here. In *In re Apple Inc.*, 456 F.App'x 907, 908 (Fed. Cir. 2012), the Federal Circuit denied one of Apple's many

2

mandamus petitions seeking a writ requiring transfer of a patent case to the Northern District of California, on the ground (among others) that Apple had failed to file its petition until close to trial.  This says nothing concerning whether this Court should stay this case.  *In re VTech Commc'ns, Inc*., 2020 WL 46332 (Fed. Cir. Jan. 6, 2010) is to similar effect.  Finally, in *In re Fusion-IO*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (nonprecedential), Fusion-IO petitioned for a writ of mandamus instructing the district court to transfer a patent case from the Eastern District of Texas to the District of Utah.  The Federal Circuit denied the petition, but noted that it expected Fusion I-O to "promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action.  This, however, followed the district court's actions of consolidating the suit against Fusion I-O with "the originally filed case" and denying Fusion I-O's motion to transfer "without prejudice to refiling the same motion in the first-filed case."  Id., at *1.  The district court subsequently indicated that it would "address each motion to transfer venue, including Fusion–IO's motion, in a timely manner."  Accordingly, it is clear that the Federal Circuit's guidance to the district court and the parties was predicated on the particular procedural history of the case.  In any event, the Federal Circuit's concern regarding possible "motion[s] on the merits of the action" is not present here, undercutting any argument that the court's guidance in *Fusion I-O* states a rule that is applicable here.

    **B.**    <u>**Apple Fails to Demonstrate that a Stay is Warranted Here**</u>

        1.    <u>A Stay Would Prejudice Neonode</u>

Apple contends that Neonode will suffer no prejudice due to a stay, because (i) it filed suit several years after the patents in suit issued, and (ii) Neonode seeks damages in this action.  Neither of these is sufficient to negate the possibility of prejudice.  Indeed, the principal case that it cites

3

in support of its position on these points, *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) noted that a patent owner's interest in vindicating its patent rights without delay is "entitled to weight," and, after dismissing most of the patentee's concerns regarding prejudice, held that "the prejudice factor cuts slightly against a stay, but no more than would typically be the case when a plaintiff is faced with the prospect of a delay in obtaining monetary relief on its claims." *Id.*, at *3.  The court's primary concern was the prospect for simplification of issues were the case to be stayed pending the resolution of an IPR.  Apple does not predicate its Motion to Stay on such a ground.  Accordingly, as the NFC court recognized, this factor cuts against the imposition of a stay.

In addition, it is a little rich for Apple to complain of delay.  Neonode filed its complaint in this action on June 8, 2020.  (Dkt. #1)  Apple waited nearly five months to file its motions to transfer and to stay this action, apparently for the tactical reason that it wished to obtain Neonode's Preliminary Infringement Contentions (served on October 16, 2020) before seeking a transfer and stay of this action.  And, it is clear that Apple's primary intent in seeking a stay is to avoid the necessity of producing its Preliminary Invalidity Contentions on December 18, 2020, the date the parties jointly proposed in the Amended Proposed Scheduling Order.  (Dkt. #32)  Neonode will be prejudiced should Apple's procedural gambit succeed.  The Court should not reward Apple for this gamesmanship.

       2.      <u>Apple Will Suffer No Hardship if this Case Proceeds Under the Agreed-Upon Schedule</u>

Apple contends that it will suffer hardship if a stay is not entered, because in the absence of a stay it will be required to produce invalidity contentions and participate in the claim construction process.  However, it will be required to do both of these things regardless of whether a stay is entered, either in this Court or in the Northern District of California.  (Ex. A [U.S. District

Court for the Northern District of California, Patent Local Rules])  While Apple asserts that the Patent Local Rules of the Northern District of California "differ from" this Court's OGP, those rules do not differ so markedly as to dispense with either invalidity contentions or claim construction.  Moreover, the claim construction process pursuant to the Northern District Patent Local Rules is sufficiently similar to the claim construction process in this Court that no additional burden would be likely were this Court to transfer this action to the Northern District (which it should not) after the claim construction process has commenced.  For example, just as here, the next steps required under the Northern District rules would be:

- The defendant's production of invalidity contentions (N.D. Cal. PLR 3-3);
- The parties' exchange of proposed terms for construction (N.D. Cal. PLR 4-1);
- The parties' exchange of preliminary constructions and extrinsic evidence (N.D. Cal. PLR 4-2);
- The parties file a joint claim construction and prehearing statement and expert reports (N.D. Cal. PLR 4-3);
- The parties serve consecutive opening, opposition and reply claim construction briefs (N.D. Cal. PLR 4-5).

(Ex. A, at PAT 5-6, 8-9)  Under the proposed Amended Proposed Scheduling Order (Dkt. 32), the same steps will be taken, in nearly the identical order to that specified in the Northern District Patent Local Rules, in the pending action.  Even were this Court to transfer this action to the Northern District, the exchanges of proposed claim terms and preliminary constructions would not need to be duplicated, and the filings in this Court could simply be reformatted and refiled in the Northern District.  Moreover, while duplicative *Markman* hearings could potentially necessitate the expenditure of additional judicial and party resources, the *Markman* hearing in this action is

5

set for April 8, 2020 – nearly five months from now, more than sufficient time for this Court to rule on Apple's transfer motion. So, denial of Apple's Motion to Stay will not result in any duplication of effort or waste of judicial or party resources.[1]

### 3. A Stay Would Not Conserve Judicial Resources

Here, Apple merely reprises its argument that duplicative Markman proceedings will waste judicial resources. As shown above, that is simply not true, as the claim construction process in the Northern District of California and this Court are substantially identical in substance, and the threat of duplicative *Markman* hearings is remote. Accordingly, a stay would not conserve judicial resources. Moreover, it is premised on the embedded assumption that this Court will grant Apple's transfer motion – an outcome that is speculative at best. *E.g., EMG Tech., LLC v. Apple, Inc.*, Case No. 6:09-cv-367, Dkt. 270 at 6 (E.D. Tex. Nov. 15, 2010) ("Staying the case based solely on the speculation of what might possible happen . . . would be inefficient.").

**III. CONCLUSION**

For the foregoing reasons, the Court should deny Apple's motion to stay.

DATED: November 12, 2020             Respectfully submitted,

By: */s/ Philip Graves*

Philip J. Graves (CA State Bar No. 153441)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7147
Facsimile: (213) 330-7152
Email: philipg@hbsslaw.com

---

[1] While it may be true that the parties (principally plaintiff Neonode) would be required to engage in additional, burdensome work were the Court to transfer this case to the Northern District of California, that would not reflect any "waste of judicial and party resources" pursuant to the schedule previously agreed to by the parties in this action, but rather the fact that the Northern District Patent Local Rules impose significant additional burdens on the parties during the claim construction process.

Greer N. Shaw (CA State Bar No. 197960)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: greers@hbsslaw.com

Craig D. Cherry
State Bar No. 24012419
ccherry@haleyolson.com
Justin W. Allen
State Bar No. 24081977
jallen@haleyolson.com
HALEY & OLSON, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

*Counsel for Plaintiff Neonode Smartphone LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 12th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

<i>/s/ Philip Graves</i><br>
Philip Graves

| | |
|---|---|
| Betty H. Chen<br>Fish & Richardson PC<br>111 Congress Avenue, Suite 810<br>Austin, TX 78701<br>(512) 472-5070<br>Fax: 512/320-8935<br>Email: Bchen@fr.com | Jared A. Smith<br>Fish & Richardson P.C.<br>12860 El Camino Real, Suite 400<br>San Diego, CA 92130<br>(858) 678-5070<br>Fax: (878) 678-5099<br>Email: Jasmith@fr.com |
| Benjamin C. Elacqua<br>Kathryn A. Quisenberry<br>Fish and Richardson PC<br>1221 McKinney Street Suite 2800<br>Houston, TX 77010<br>713-654-5300<br>Fax: 713-652-0109<br>Email: Elacqua@fr.com<br>Email: Quisenberry@fr.com | Aamir A. Kazi<br>Fish & Richardson P.C.<br>1180 Peachtree Street NE, 21st Floor<br>Atlanta, GA 90309<br>(404) 892-5005<br>Fax: (404) 892-5002<br>Email: kazi@fr.com |

*Attorneys for Defendant Apple Inc.*