# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 6:20-cv-00505-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S *EXPEDITED* MOTION FOR LEAVE TO PURSE VENUE DISCOVERY AND TO DEFER BRIEFING SCHEDULE UNTIL COMPLETION OF DISCOVERY**

i

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .......................................................................................................................1

   A. Venue Discovery Is Favored. ........................................................................................1

   B. The Court Should Grant Expedited Venue-Related Discovery. ....................................3

   C. The Court Should Defer Briefing On Apple's Motion To Transfer Venue Until Completion of Venue-Related Discovery. ....................................................................7

III. CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ............................................................................................. 2

*Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*,
   No. 2:17-CV-00430-JRG, 2019 WL 2210686 (E.D. Tex. May 22, 2019) ................... 2, 3, 7

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) .......................................................................................... 3, 7

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
   213 F.3d 841 (5th Cir. 2000) ............................................................................................. 2

*Moore v. CITGO Ref. & Chems. Co., L.P.*,
   735 F.3d 309 (5th Cir. 2013) ............................................................................................. 2

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ....................................................................................................... 1, 2

*Pudlowski v. St. Louis Rams, LLC*,
   829 F.3d 963 (8th Cir. 2016) ............................................................................................. 2

*Rozier v. Ford Motor Co.*,
   573 F.2d 1332 (5th Cir. 1978) ........................................................................................ 2, 3

*Wyatt v. Kaplan*,
   686 F.2d 276 (5th Cir. 1982) ............................................................................................. 2

I.   **INTRODUCTION**

The Court should permit Neonode Smartphone LLC ("Neonode") an opportunity to conduct limited and targeted discovery directed to Apple's motion to transfer this case from the Western District of Texas ("WDTX") to the Northern District of California ("NDCA"). The Court generally grants leave for the parties to conduct targeted discovery on this issue, and for good reason. A defendant like Apple must demonstrate that the proposed transferee court is "clearly more convenient" than WDTX. Apple's arguments in support of transfer rest upon a combination of (a) incorrect suppositions about the location of certain witnesses Apple believes to be associated with Neonode and (b) a selective and non-definitive presentation of facts by a declarant who apparently lacks personal knowledge about at least some of his testimony. Venue discovery should be granted unless it is *impossible* that the discovery could add any significant facts that might bear on the venue question. As discussed below, that is not the case here. Because venue discovery is appropriate in this case, the Court should defer briefing on Apple's motion to transfer until the parties have completed the discovery and are positioned to present a complete set of pertinent facts to the Court. Before filing this motion, counsel for Neonode contacted counsel for Apple and inquired whether Apple would agree to the requested relief. Neonode did not have a response before Neonode filed the motion. Under the circumstances, including that its opposition to Apple's transfer motion is currently due on November 19, 2020, Neonode did not wish to delay filing its *expedited* request for relief.

II.   **ARGUMENT**

   A.   **Venue Discovery Is Favored.**

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978).

1

Because broad discovery is generally favored, "jurisdictional discovery should only be denied where it is *impossible* that the discovery 'could … add[] any significant facts' that might bear on the jurisdictional determination." *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (emphasis in original) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)).[1] Accordingly, such discovery should be granted unless "no amount of information … would strengthen" the movant's jurisdictional claims. *Id*. (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

Moreover, since evidence of relevant jurisdictional facts is "often largely or wholly in the possession of an adverse party, broad jurisdictional discovery also ensures that jurisdictional disputes will be 'fully and fairly' presented and decided." *Blitzsafe* at *3-4 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345 (5th Cir. 1978)); *see also Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) ("[Discovery] as to jurisdiction or venue … makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly … A court has an independent obligation to ensure that the case is properly before it. Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed … .") (quoting *Oppenheimer*, 437 U.S. at 340 n.13)).

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).

As stated in the Court's standing Order Governing Proceedings for Patent Cases, Version 3.2 ("OGP"), "the Court generally grants leave for the parties to conduct targeted discovery."

---

[1] As the *Blitzsafe* court explained, the term "jurisdictional discovery" includes "the venue inquiry." *Blitzsafe*, 2019 WL 2210686, at *3 n.2.

2

B.     **The Court Should Grant Expedited Venue-Related Discovery.**

Apple has moved to transfer venue from WDTX to the NDCA. (Doc. 27) As Apple concedes, it "must show 'good cause' by demonstrating that the 'transferee venue is *clearly more convenient*' than the transferor district." (Doc. 27 at 5 (emphasis added) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). Neonode desires to ensure that the venue issue is "fully and fairly" presented and decided on a complete and accurate set of pertinent facts. *See Blitzsafe* at *4; *Rozier*, 573 F.2d at 1345. Neonode can, without discovery from Apple, correct certain material inaccuracies in Apple's transfer motion. For example, Apple states that Joseph Shain, "who initiated contact with Apple and who is Neonode Inc.'s Vice President of Intellectual Property, appears to be located in [NDCA]." (Doc. 27 at 6) Neonode can and will present evidence that Mr. Shain neither works nor resides in California. As another example, Apple asserts that the prosecution firm for the patents in suit, Soquel Group, is located in NDCA. (Doc. 27 at 10-11) But Neonode will present evidence that the Soquel Group attorney who actually did the work, Marc Berger, neither works nor resides in California. That neither Mr. Shain nor Mr. Berger reside or work in NDCA undermines Apple's contention that NDCA is a "clearly more convenient" venue than WDTX.

But much of the evidence relevant to determining whether NDCA is the "clearly more convenient" venue than WDTX is in Apple's possession. Apple's presentation of that evidence is selective and not definitive. For example, Apple's declarant, Mark Rollins, testifies that "nearly all of Apple's engineers who participated in or are knowledgeable about the research, design, and development of the Accused Features have a primary place of work in the NDCA" and that he is "not aware of any Apple employees located in the WDTX who worked on the research, design, or development of the Accused Features." (Doc. 27-3, ¶ 7) But this is only "[t]o the best of [his]

3

knowledge" (*id.*), and it is unclear what efforts Mr. Rollins made to research these issue and to ensure that his "knowledge" is correct. Mr. Rollins testifies that he is a "Finance Manager" at Apple, which suggests that he has no personal knowledge about Apple's engineering, research, and development of the Accused Features. Similarly, Mr. Rollins testifies that "[t]o [his] knowledge, Apple does not have any unique working files or documents relevant to this case located in the WDTX" (Doc. 27-3, ¶ 7) and that he is "not aware of any unique Apple working files or documents located in the WDTX that are relevant to this case" (*id.* at ¶ 13) It is not clear what efforts Mr. Rollins made to research these issues and to ensure that his understanding is complete and correct.

Mr. Rollins testifies that he "understand[s] that working files, electronic documents concerning the Accused Features reside on local computers and/or servers either located in or around the NDCA or accessible in the NDCA." (Doc. 27-3, ¶ 7) It is not clear what efforts Mr. Rollins made to research these issues and to ensure that his understanding is correct. But even accepting his assertions as accurate, they do not rule out the possibility that the pertinent working files and electronic documents concerning the Accused Features do *not* reside on computers and/or servers located in or around the NDCA, but instead reside on computers and/or servers that are merely "accessible in the NDCA." Nor does his testimony rule out the possibility that the pertinent electronic files and documents are *equally* "accessible" in both the NDCA and the Western District of Texas. Evidence of either possibility would tend to undermine Apple's contention that NDCA is a "clearly more convenient" venue than WDTX.

Mr. Rollins testifies that he "understand[s] that the relevant source code associated with the Accused Features was developed and tested in California." (Doc. 27-3, ¶ 7) It is not clear what efforts Mr. Rollins made to research this issue and to ensure that his understanding is correct. Mr. Rollins' position as a "Finance Manager" suggests that he has no personal knowledge about

4

development and testing of Apple's source code. He further states his "understanding" that "access to this source code is controlled on a need-to-know basis, and that the source code can be accessed by Apple employees working on the Accused Products in the NDCA." (*Id.*) Even accepted as true, this testimony does not rule out the possibility that the source code is *not* located in NDCA. Nor does it rule out the possibility that the code can be equally conveniently accessed outside of NDCA, including in the Western District of Texas. Evidence of either possibility would tend to undermine Apple's contention that NDCA is a "clearly more convenient" venue than WDTX. Mr. Rollins testifies that he is "not aware of any relevant source code relating to the Accused Products that was developed, coded or tested in Texas." It is not clear what efforts Mr. Rollins made to research this issue and to ensure that his understanding is correct.

Mr. Rollins testifies that "[t]o the best of [his] knowledge, nearly all Apple employees who have knowledge relevant to marketing, licensing, and financial records related to the Accused Products work in or near the NDCA." (Doc. 27-3, ¶ 13) It is not clear what efforts Mr. Rollins made to research this issue and to ensure that his understanding is correct. His testimony does not rule out the possibility that there are Apple employees with pertinent knowledge on these topics who do *not* work in NDCA. Evidence of that possibility would tend to undermine Apple's contention that NDCA is a "clearly more convenient" venue than WDTX. Mr. Rollins testifies that he is "not aware of any Apple employee who has unique information [regarding marketing, licensing, and financial records related to the Accused Products] relevant to this case and are located in the WDTX" (*id.*), but it is not evident what efforts Mr. Rollins made to research these issues and to ensure that his understanding is accurate.

Mr. Rollins states that he is "knowledgeable about Apple's sales and financial information concerning the Accused Products" and that "[d]ocuments concerning sales and financial

information for the Accused Products reside on local computers and/or servers either located in or around the NDCA or accessible in the NDCA." (Doc. 27-3, ¶ 17) This testimony does not rule out the possibility that such documents reside on computers and/or servers located outside of the NDCA but that are merely "accessible in the NDCA." Nor does it rule out the possibility that the documents are *equally* accessible outside the NDCA, including in the Western District of Texas. Evidence of either possibility would tend to undermine Apple's contention that NDCA is a "clearly more convenient" venue than WDTX.

      Mr. Rollins states that Apple has retail stores located in the WDTX, but he is "not aware of any retail employee in these retail stores who was ever involved in the research, design, development, or marketing of the Accused Features." (Doc. 27-3, ¶ 18) It is not evident what efforts Mr. Rollins made to research these issues and to ensure that his understanding is accurate. Beyond that, the conduct that constitutes Apple's alleged infringement includes both selling products with the Accused Features and making infringing products by combining hardware and software (e.g., creating an infringing device by adding software to an existing device). Mr. Rollins does not rule out the possibility that Apple employees in WDTX have sold or made infringing products. In addition, Neonode alleges, among other things, that Apple infringes when Apple delivers software from an Apple server to a user's Apple device. (Doc. 1, ¶¶ 43, 48, 57, 82, 83, 86, 87) Mr. Rollins does not rule out the possibility that Apple facilities (e.g., servers) located in WDTX have facilitated such infringement in WDTX and elsewhere. Evidence of either possibility would tend to undermine Apple's contention that NDCA is a "clearly more convenient" venue than WDTX. Mr. Rollins also states that Apple has "non-retail offices" in the WDTX and that, "[t]o the best of [his] knowledge … Apple employees with relevant information relating to the Accused Features and Accused Products are located in the NDCA." (Doc. 27-3, ¶ 18) Mr. Rollins does not

rule out the possibility that Apple employees at the "non-retail offices" in the WDTX also have relevant information. Of course, evidence that they do would tend to undermine Apple's contention that NDCA is a "clearly more convenient" venue than WDTX.

* * * * *

To prevail on its motion, Apple must show "good cause" by demonstrating that the NDCA is "clearly more convenient" than WDTX as a venue for this litigation. *In re Volkswagen, Inc.*, 545 F.3d at 315. Some of the "facts" Apple argues in support of transfer are wrong and will be proven so. On other issues, Apple's evidence is selective and not determinative. Certainly, the Court cannot determine on the current record that "it is *impossible* that [venue-related] discovery 'could … add[] any significant facts' that might bear on" Apple's motion. *Blitzsafe*, 2019 WL 2210686, at *3 (emphasis in original).

###     C.    The Court Should Defer Briefing On Apple's Motion To Transfer Venue Until Completion of Venue-Related Discovery.

Under the applicable rules, Neonode's opposition to Apple's transfer motion is currently due on November 19, 2020. That does not allow sufficient time for Neonode to conduct jurisdictional discovery and to present a complete set of pertinent facts to the Court. If the Court grants Neonode's request to conduct limited discovery targeted to the venue issue, the Court should defer briefing on Apple's transfer motion until that discovery is completed. Pursuant to the OGP, Neonode's jurisdictional discovery will be limited to five interrogatories, five requests for production, and four hours of deposition time for a Rule 30(b)(6) witness (who presumably will be Mr. Rollins). Neonode will serve that discovery promptly upon grant of this motion and will work cooperatively with Apple to complete the discovery as quickly and efficiently as possible.

Upon completion of discovery, the parties will be positioned to complete briefing on the venue issue and present the full scope of pertinent facts to the Court.

## III. CONCLUSION

For the foregoing reasons, Neonode respectfully requests that the Court grant Neonode's *Expedited* Motion For Leave To Purse Venue Discovery And To Defer Briefing Schedule Until Completion Of Discovery.

Date: November 12, 2020

Respectfully submitted,

By: /s/ Greer N. Shaw

Philip J. Graves (CA State Bar No. 153441)
Telephone: (213) 330-7147
Email: philipg@hbsslaw.com
Greer N. Shaw (CA State Bar No. 197960)
Telephone: (213) 330-7145
Email: greers@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Facsimile: (213) 330-7152

Craig D. Cherry
State Bar No. 24012419
ccherry@haleyolson.com
Justin W. Allen
State Bar No. 24081977
jallen@haleyolson.com
HALEY & OLSON, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

*Counsel for Plaintiff Neonode Smartphone LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

/s/ *Greer N. Shaw*
Greer N. Shaw

Betty H. Chen
Fish & Richardson PC
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070
Fax: 512/320-8935
Email: Bchen@fr.com

Benjamin C. Elacqua
Kathryn A. Quisenberry
Fish and Richardson PC
1221 McKinney Street Suite 2800
Houston, TX 77010
713-654-5300
Fax: 713-652-0109
Email: Elacqua@fr.com
Email: Quisenberry@fr.com

Jared A. Smith
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070
Fax: (878) 678-5099
Email: Jasmith@fr.com

Aamir A. Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 90309
(404) 892-5005
Fax: (404) 892-5002
Email: kazi@fr.com

*Attorneys for Defendant Apple Inc.*