IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>                              Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                              Defendant. | Civil Action No. 6:20-cv-00505-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF NEONODE SMARTPHONE LLC'S NOTICE OF WITHDRAWAL
FROM STIPULATION REGARDING VENUE DISCOVERY**

**I.      INTRODUCTION**

Plaintiff Neonode Smartphone LLC ("Neonode") hereby provides notice to the Court and to defendant Apple Inc. ("Apple") that it respectfully withdraws from the Stipulation To Stay Case Pending Decision On Apple's Motion To Transfer ("Stipulation") (Dkt. #36) that the parties filed on November 20, 2020. As discussed below, the parties entered the Stipulation with a mistaken and/or superseded understanding of the Court's operative limitations on venue discovery. Those limitations are stated in the Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases ("Standing Order Regarding Venue Discovery"), which came to the parties' attention shortly after they had informed the Court of the terms of the Stipulation. Because the Stipulation includes limitations from a prior order that were expressly lifted by the Standing Order Regarding Venue Discovery, and because the Court no longer requires those limitations, Neonode believes that a new Stipulation and proposed order are warranted. Neonode attempted to reach agreement with Apple on terms for a new stipulation, but Apple refused.

1

## II.  ARGUMENT

Neonode filed its Complaint in this action on June 8, 2020. (Dkt. #1) Apple answered the complaint on September 4 (Dkt. #14).

On November 5, Apple filed its Motion to Transfer Venue to the Northern District of California ("Transfer Motion"). (Dkt. #27) On the same day, Apple moved to stay the case pending a ruling on the Transfer Motion ("Motion to Stay"). (Dkt. #28)

Also on November 5, the Court published its latest Order Governing Proceedings for Patent Cases (OGP version 3.2) on the Court's website. OGP version 3.2 provides, among other things, that, "[w]ith respect to venue and jurisdictional discovery, the Court generally grants leave for the parties to conduct targeted discovery. The Court's default venue/jurisdiction discovery limits are as follows: 1. Interrogatories: 5 per party[;] 2. Requests for Production: 5 per party[;] 3. Fact depositions: 4 hours for a 30(b)(6) witness per party." (OGP Version 3.2 at 2) The Court entered its Standing Order Regarding Updated Order Governing Proceedings – Patent Cases (Dkt. #30) on November 9, which informed that parties that the Court had published OGP version 3.2.

On November 12, Neonode opposed Apple's Motion to Stay (Dkt. #33) and also filed its Expedited Motion for Leave to Pursue Venue Discovery and to Defer Briefing Schedule Until Completion of Discovery ("Expedited Motion") (Dkt. #34). Neonode requested expedited consideration because its response to Apple's Motion to Transfer was then due on November 19. After Neonode filed its Expedited Motion, respective counsel for Neonode and Apple conferred in an attempt to resolve by agreement the issues raised in Apple's Motion to Stay and Neonode's Expedited Motion. Late on November 19, the parties notified the Court (by email to Robert Earle) that they had reached agreement (i) to stay the case pending a decision on Apple's Motion to Transfer, (ii) concerning service of discovery in conformance with the Court's OGP Version 3.2, and (iii) on a schedule for completion of venue discovery and briefing on the Motion to Transfer.

[Ex. 1][1] Simultaneously, the parties conferred regarding preparation of a stipulation that would formalize the parties' agreement. The parties agreed that Apple would file the stipulation "first thing in the morning" on November 20. [*Id.*]

On the morning of November 20, Neonode learned for the first time that the Court, sometime on November 19, had issued its Standing Order Regarding Venue Discovery. [Ex. 1] That order "lifts all limits on discover related to venue and jurisdiction in patent cases," including "numerical discovery limits on the number of interrogatories, requests for production, requests for admission, depositions, and/or deposition hours, etc." The order provides that "the parties are limited only by Fed. R. Civ. P. 26(b)(1)." The order further provides that venue and jurisdictional discovery "be completed no later than six months after the filing of the motion," with the deadline for plaintiff's response being due "two weeks after the completion of venue or jurisdictional discovery." Finally, the order provides that "[t]he parties in any case affected by this order are directed to file an amended scheduling order consistent with this order."

Shortly after learning of new Standing Order Regarding Venue Discovery, Neonode brought it to Apple's attention and asked that Apple "hold off on filing the stipulation" until the parties had had an opportunity to review the new order. [Ex. 1] A few minutes later, and before responding to Neonode, Apple filed the parties' Stipulation To Stay Case Pending Decision On Apple's Motion To Transfer ("Stipulation") (Dkt. #36) and accompanying proposed order (Dkt. #36-1).[2] The Stipulation documents the parties' agreement, reached before entry of the Court's Standing Order Regarding Venue Discovery, to permit "mutual venue discovery that initially conforms with this Court's Order Governing Proceedings in Patent Cases. Each party shall serve

---

[1] Exhibit 1 is a true and correct copy of an email communication chain between respective counsel for Neonode and Apple.
[2] Apple's counsel explained that she had not seen the Standing Order Regarding Venue Discovery prior to instructing her assistant to file the Stipulation. [Ex. 1]

five interrogatories, five requests for production, and four hours of 30(b)(6) deposition time related to Apple's Motion to Transfer Venue." (Dkt. #36 at 1) The parties agreed to a February 19, 2021 deadline for Neonode to complete venue discovery, a March 5, 2021 deadline for Neonode to respond to Apple's Motion to Transfer, an April 2, 2021 deadline for Apple to complete venue discovery, and an April 9, 2021 deadline for Apple to file its reply in support of its Motion to Transfer. (Dkt. #36 at 1-2) The parties further stipulated that "all other deadlines provided in the Amended Agreed Scheduling Order [Dkt. #35] shall be vacated, subject to this Court's approval." (*Id.*)

Because the Stipulation was premised upon the limitations of OGP Version 3.2 as to venue discovery, which the Standing Order Regarding Venue Discovery expressly lifted in favor of Fed. R. Civ. P. 26(b)(1), Neonode contacted Apple on the afternoon of November 20 concerning preparation of a new stipulation and proposed order. [Ex. 1] As Neonode explained, "[a]mong other things, the limits of five interrogatories, five requests for production, and four hours of 30(b)(6) deposition time, and the phasing of discovery, are not required by FRCP 26(b)(1), are not consistent with the [Standing Order Regarding Venue Discovery], and so will need to be removed." [*Id.*] Neonode proposed that the parties retain the February 19, 2021 deadline to complete venue discovery, with the caveat that, if either party perceives a need to exceed that limit, the parties will confer and attempt to resolve the issue before contacting the Court. [*Id.*] Neonode's proposal of a three month discovery period was well within the six month limit imposed by the Standing Order Regarding Venue Discovery. Neonode further proposed that Neonode's response to Apple's Motion to Transfer be due on March 5, 2021 and Apple's reply be due on March 19, 2021. [*Id.*] Neonode's proposal was consistent with the Standing Order Regarding Venue Discovery, which provides that the deadline for a plaintiff's response for a defendant's motion to transfer venue is

4

two weeks after completion of venue discovery. Finally, Neonode proposed that the stay pending resolution of the Motion to transfer would remain until resolution of Apple's Motion to Transfer. [*Id.*] Neonode made this proposal to reduce or eliminate the risk that the parties and the Court might devote resources to substantive litigation in the Western District of Texas only to have the case transferred to the Northern District of California.

Apple responded on November 23. [Ex. 1] Apple disagreed that the parties should prepare a new stipulation and proposed order. [*Id.*] Apple contended that the Standing Order Regarding Venue Discovery "should be no reason for Neonode to backtrack following an extended discussion that resulted in the agreement," although Apple did not address the fact that the parties filed the Stipulation on November 20 without knowing that the Court on November 19 had lifted all limitations on venue discovery other than those provided in Rule 26(b)(1). Apple contended that "[d]espite having the motion to transfer for over two weeks now, Neonode still has not served any discovery whatsoever," although Apple did not address the fact that Neonode could not serve venue discovery until either the Court granted leave, which has not occurred, or Apple allowed it, which did not occur before November 19.

Because the Stipulation and proposed order – both premised upon a mistaken or superseded understanding of the Court's limitations on venue discovery – remain pending before the Court, and because Apple refuses to enter into a new stipulation that accords with the Standing Order Regarding Venue Discovery, Neonode reluctantly determined that it has no choice but to file this Notice Of Withdrawal From Stipulation Regarding Venue Discovery. That said, Neonode agrees that certain provisions of the Stipulation are sensible and should be included in an order from the Court. In particular, Neonode proposes that the Court order that (i) the parties have until February 19, 2021 to complete venue discovery; (ii) venue discovery is limited only by Fed. R. Civ. P.


26(b)(1); (iii) Neonode shall have until March 5, 2021 to file its response to Apple's Motion to Transfer; (iv) Apple shall have fourteen days from filing and service of Neonode's response to file its reply brief in support of the Motion to Transfer; and (v) all other deadlines provided in the Amended Agreed Scheduling Order [Dkt. #35] are vacated pending resolution of the Motion to Transfer. Neonode submits with this notice a proposed order containing these terms.

### III.  CONCLUSION

For the foregoing reasons, Neonode withdraws from the parties' November 20 Stipulation, aspects of which were based upon an understanding of the Court's limitations on venue discovery that was either mistaken or was superseded by the Standing Order Regarding Venue Discovery. Neonode proposes that the Court enter an order that includes the terms set forth above.

DATED: November 23, 2020

Respectfully submitted,

By: */s/ Greer Shaw*

Craig D. Cherry
State Bar No. 24012419
ccherry@haleyolson.com
Justin W. Allen
State Bar No. 24081977
jallen@haleyolson.com
HALEY & OLSON, P.C.
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Philip J. Graves (CA State Bar No. 153441)
Telephone: (213) 330-7147
Email: philipg@hbsslaw.com
Greer N. Shaw (CA State Bar No. 197960)
Telephone: (213) 330-7145
Email: greers@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Facsimile: (213) 330-7152


*Counsel for Plaintiff Neonode Smartphone LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

/s/ *Greer Shaw*
Greer Shaw

Betty H. Chen
Fish & Richardson PC
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070
Fax: 512/320-8935
Email: Bchen@fr.com

Benjamin C. Elacqua
Kathryn A. Quisenberry
Fish and Richardson PC
1221 McKinney Street Suite 2800
Houston, TX 77010
713-654-5300
Fax: 713-652-0109
Email: Elacqua@fr.com
Email: Quisenberry@fr.com

Jared A. Smith
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070
Fax: (878) 678-5099
Email: Jasmith@fr.com

Aamir A. Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 90309
(404) 892-5005
Fax: (404) 892-5002
Email: kazi@fr.com

*Attorneys for Defendant Apple Inc.*