IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 6:20-cv-00505-ADA |
| v. § | |
| § | |
| APPLE INC., § | **JURY TRIAL DEMANDED** |
| § | |
| Defendant. § | |

**APPLE'S RESPONSE TO NEONODE'S NOTICE OF WITHDRAWAL FROM STIPULATION**

## I.  INTRODUCTION

Plaintiff Neonode Smartphone LLC's "withdrawal" from the parties' Stipulation to Stay Case Pending Decision on Apple's Motion to Transfer ("Stipulation") [Dkt. #36] mischaracterizes Apple's actions, inappropriately reneges on the parties' agreement, and fails to conform with this Court's Local Rules.  *See* L.R. 7(i) (requiring counsel for the parties to have first conferred in a good-faith attempt to resolve the matter by agreement and certifying the specific reason that no agreement could be made).  Additionally, it violates century-old Supreme Court precedent emphasizing the importance of enforcing words and agreements reached by counsel.  *See Muller v. Dows*, 94 U.S. 277, 278 (1876) (stating that a stipulation between counsel cannot be withdrawn by one party without consent of the other, except by leave of court).  After all, litigation behavior would be far more disorderly and disruptive if parties are allowed to unilaterally withdraw stipulations after they are entered.

To be clear, the majority of the parties' Stipulation remains undisturbed.  The Proposed Order [Dkt. # 36-1] attached to the parties' Stipulation [R. #36] remains undisputed as to (i) the

1

decision to stay the case pending resolution of Apple's Motion to Transfer, (ii) the deadline to complete venue discovery and briefing on Apple's Motion to Transfer, and (iii) vacate all other deadlines provided in the Amended Agreed Scheduling Order [Dkt. #35].  The only dispute between the parties is whether the previously agreed-to venue discovery limits and discovery schedule should apply.

## II.     ARGUMENT

### A.     The Parties Agreed to File the Stipulation on November 19

Neonode's recitation of events contain mischaracterizations that necessitate a clarification of the record.

Neonode first filed its Expedited Motion for Leave to Pursue Venue Discovery [Dkt. #34] without any attempt to meet and confer regarding its requested relief.  Instead, Neonode sent an e-mail with its requested relief, then filed the motion merely hours later without waiting for any response.  Ex. A (Nov. 12; Nov. 14, 2020 Correspondence between counsel for Apple and Neonode).  Additionally, Apple has always agreed to certain venue discovery and extension of deadlines.  *Id.*  Following an extensive exchange regarding the proper limits and deadlines in this matter, the parties reached an agreement around 7:00 pm CT on November 19, and notified the Court (by email to Robert Earle) of the agreed-upon terms.  Ex. B (Nov. 19, 2020 Correspondence fr. B. Chen to R. Earle).  That same evening—by 9:30 pm CT—the parties also agreed upon the precise language of a corresponding Stipulation and Proposed Order to be filed, but neither counsel for Apple nor counsel for Neonode had staff available to assist with the filing.  Ex. C (Nov. 19, 2020 Correspondence between counsel for Apple and Neonode).  Thus, the parties' agreed that counsel for Apple would file the Stipulation the next morning.

Consistent with that agreement, counsel for Apple instructed its staff (located on the West Coast) early in the morning on November 20 to file the Stipulation as soon as the staff's working

day began.  Ex. D (Declaration of B. Chen) ¶ 1.  At 11:15 am CT on November 20, Apple's staff filed the Stipulation pursuant to counsel's instruction and the parties' agreement.  *Id*. ¶ 1.  That is, the Stipulation was filed by staff before counsel for Apple read Neonode's e-mail suddenly seeking to renege upon the Stipulation that had been negotiated and agreed upon the prior evening.  *Id.* ¶ 2.  Promptly upon reading Neonode's correspondence, Apple's counsel immediately responded in an attempt to resolve the parties' dispute regarding appropriate venue discovery limits.  Ex. E (Nov. 20, 2020 Correspondence between counsel for Apple and Neonode).

        **B.**      **Neonode's Attempt to Renege is Improper**

Apple disagrees that Neonode's withdrawal from the parties' Stipulation is appropriate or necessary.  As noted above, the majority of the agreements in the parties' Stipulation remain undisturbed.  The only dispute is whether the previously agreed-to venue discovery limits are still appropriate.  The Stipulation reflects an extended meet and confer process that resulted in an agreement between the parties regarding appropriate venue discovery limits in this case.  Nothing in the Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases ("Standing Order Regarding Venue Discovery") prevents the parties from maintaining their agreement.  *See, e.g. Kersh v. Derozier*, 851 F.2d 1509, 1512-13 (5th Cir. 1988) (refusing to allow a defendant to withdraw from a pretrial stipulation based an alleged misunderstanding of the implications of that stipulation); *see also Muller*, 94 U.S. at 278.

Further, the Stipulation allows the parties to seek additional discovery at a later time "if either party perceives a need to exceed the limits."  At no point has Neonode articulated a need for discovery outside of the parties' previously agreed-to limits.  Indeed, Neonode had the benefit of Apple's motion to transfer for almost three weeks and ***did not serve any discovery***, despite Apple's repeated requests for it to do so.  Ex. F (Nov. 16; Nov. 23 Correspondence from

B. Chen to G. Shaw).  Neonode finally served discovery on the Friday evening of November 27, including a 30(b)(6) deposition notice and eighteen interrogatories, a number of which have more than half a dozen subparts.  Notably, much of Neonode's discovery seeks information already disclosed in Apple's Motion to Transfer Venue and Mark Rollins' declaration in support of the same – which can be explored in Neonode's deposition of Mr. Rollins.  *See, e.g.* Ex. G (Neonode Interrogatories).  For example, Interrogatory No. 1 seeks information about the locations of Mr. Rollins and other Apple employees, which is content already contained in Mr. Rollins's declaration.  *Id*.

    The appropriate course of action is for Neonode to re-serve and obtain discovery under the parties' previously agreed-to limits, and if necessary, confer as to any additional discovery that Neonode contends is necessary.  Given that the agreed-to venue discovery period does not end until February 19, 2021, the parties have ample time to conduct venue discovery and determine whether more is needed.  Accordingly, Apple respectfully requests that the Court enter the agreed stipulation filed on November 20, 2020.

Date:  December 1, 2020

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Betty Chen*
Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
Kathryn A. Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
Texas Bar Number 24056720
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

Jared A. Smith (admitted *Pro Hac Vice*)
California Bar No. 306576
jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

**COUNSEL FOR DEFENDANT APPLE INC.**

5

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the above document was served on December 1, 2020 to all counsel of record via ECF.

                                                  /s/ *Betty Chen*
                                                  Betty Chen