# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　　Defendant. | Civil Action No. 6:20-cv-00505-ADA |

**NEONODE SMARTPHONE LLC'S SECOND SUPPLEMENTAL AND AMENDED RESPONSES AND OBJECTIONS TO APPLE INC.'S VENUE INTERROGATORIES**

　　　　Pursuant to Federal Rules of Civil Procedure 26 and 33, Neonode Smartphone LLC ("Neonode") hereby submits the following supplemental and amended responses and objections to Defendant Apple Inc.'s ("Apple") Venue Interrogatories dated December 14, 2020 ("Interrogatories").

**GENERAL OBJECTIONS**

　　　　1.　　Neonode objects to Apple's "Definitions" and "Instructions" to the extent that they purport to impose burdens on Neonode that are broader than, additional to, inconsistent with, or not otherwise authorized by the Federal Rules of Civil Procedure, the applicable Local Rules ("Local Rules"), or other rules, procedures, or orders of the Court. In responding to the Interrogatories, Neonode will comply with the Federal Rules of Civil Procedure, the Local Rules, and other rules, procedures, or orders of the Court.

1

2. Neonode objects to the definition of "Plaintiff," "Neonode," "You," and "Your" as overbroad and vague. In responding to the Interrogatories, Neonode understands "Plaintiff," "Neonode," "You," and "Your" to refer to Neonode Smartphone LLC.

3. Neonode objects to the definition of "Asserted Patents" because it is overbroad and factually incorrect in that extends to patents that are not asserted in this case. In responding to the Interrogatories, Neonode understands "Asserted Patents" to refer to the patents in suit, U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

4. Neonode objects to the definition of "Related Patents" because it is circular.

5. Neonode objects to the Interrogatories to the extent that they seek disclosure of privileged information, including but not limited to information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and common interest privilege. In responding to these Interrogatories, Neonode will not disclose privileged information, and the fact that Neonode does not specifically object to a request on the grounds that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by any applicable privilege or protection.

6. Investigation and discovery are ongoing in this case. The objections and responses set forth below are based upon information currently available to Neonode, and are made without prejudice to Neonode's right to use or rely on any subsequently discovered information. Neonode specifically reserves the right to supplement, amend, modify, and/or correct these responses during the venue discovery period.

## SPECIFIC RESPONSES AND OBJECTIONS

**VENUE INTERROGATORY NO. 1:**

Identify each person who has relevant knowledge to this case, including persons who may be deposed but are not under the Court's subpoena power for trial attendance, and describe the

subject matter of his or her relevant knowledge or expected testimony. As set forth in the Instructions, include an identification of each such person's name, title, team and/or organization name, the location where each such person resides and works, and contact information (i.e., phone number, address, and e-mail).

**RESPONSE TO VENUE INTERROGATORY 1:**

Neonode incorporates its General Objections and further objects to this Interrogatory, in particular to the phrase "relevant knowledge to this case," as vague and potentially overbroad depending upon the determination of relevance. Subject to and without waiving the foregoing objections, Neonode responds as follows:

- Dooyong Lee. Manager of Neonode Smartphone LLC and Chief Executive Officer of Aequitas Technologies LLC. Mr. Lee's place of residence and work is Seoul, Republic of Korea. Mr. Lee's relevant knowledge may include plaintiff's ownership of the Asserted Patents and related rights by assignment of the Asserted Patents and related rights from Neonode Inc. to Aequitas Technologies LLC and then from Aequitas Technologies LLC to Neonode Smartphone LLC. Mr. Lee may be contacted through counsel for Neonode Smartphone LLC.

- Anuj Arora. Director of Engineering, Aequitas Technologies LLC. Mr. Arora's place of residence and work is Torrance, California 90505. Mr. Arora's relevant knowledge may include pre-filing investigation and analyses of the alleged infringement of the Asserted Patents. Mr. Arora may be contacted through counsel for Neonode Smartphone LLC.

- Magnus Goertz. Mr. Goertz was a founder of Neonode AB. Mr. Goertz's place of residence is believed to be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mr. Goertz's relevant knowledge may include conception and reduction to practice of the invention claimed in

3

- the Asserted Patents, commercialization of the inventions claimed in the Asserted Patents, secondary considerations of nonobviousness, communications with Samsung, and the Neonode Sweden AB – Samsung License Agreement.  Mr. Goertz's email address is believed to be ███████████████.

- Björn Thomas Eriksson. Mr. Eriksson was a co-founder of Neonode AB. Mr. Eriksson's place of residence is believed to be ████████████████████████. Mr. Eriksson's relevant knowledge may include conception and reduction to practice of the invention claimed in the Asserted Patents, commercialization of the inventions claimed in the Asserted Patents, secondary considerations of nonobviousness, communications with Apple and Samsung, and the Neonode Sweden AB – Samsung License Agreement.  Mr. Eriksson's email address is believed to be ███████████████.

- Joseph Shain. Intellectual Property Manager, Neonode Technologies AB. Mr. Shain's place of residence is Stockholm, Sweden. Mr. Shain's place of work is Stockholm, Sweden. Mr. Shain's relevant knowledge may include commercialization of the inventions claimed in the Asserted Patents, secondary considerations of nonobviousness, prosecution of the applications that issued as the Asserted Patents, efforts to monetize the Asserted Patents, and communications with Apple and Samsung regarding the Asserted Patents.  Mr. Shain may be contacted through counsel for Neonode Smartphone LLC.

- Ulf Mårtensson. Executive Vice President Operations, Neonode, Inc. and Executive Vice President Operations, Neonode Technologies AB. Mr. Mårtensson's place of residence is Sweden. Mr. Mårtensson's place of work is Stockholm, Sweden. Mr. Mårtensson's relevant knowledge may include knowledge of Neonode Inc. technology license agreements and

knowledge of commercialization of the technology of the Asserted Patents, including production of devices embodying that technology and sales and marketing of such devices.

- Marc Berger. Managing Director of Soquel Group Inc. Mr. Berger's place of residence and work is ███████████████████████████████████. Mr. Berger's relevant knowledge may include prosecution of the applications that issued as the Asserted Patents, and communications with Apple and Samsung regarding the Asserted Patents. Mr. Berger may be contacted through counsel for Neonode Smartphone LLC.

**SUPPLEMENTAL RESPONSE TO VENUE INTERROGATORY 1:**

Additional former Neonode AB employees and consultants who may have knowledge relevant to this case include:

- Nina Johannesson. Ms. Johannesson was CFO of Neonode AB during the approximate period 2005-2010. Ms. Johannesson's place of residence and work is believed to be in or about Stockholm, Sweden. Ms. Johannesson's relevant knowledge may include business and financial aspects of Neonode AB's business as it relates to the N1 and N2 model phones, including such issues as sales and profits.

- Tommy Hallberg. Mr Hallberg was COO and acting CEO of Neonode AB during the approximate period 2005-2008. Mr. Hallberg's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Hallberg's relevant knowledge may include business and financial aspects of Neonode AB's business as it relates to the N1 and N2 model phones, including such issues as sales and profits.

- Jonas Löfgren. Mr. Löfgren was involved with sales and marketing at Neonode AB during the approximate period 2002-2008. Mr. Löfgren's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Hallberg's relevant knowledge may include sales

and marketing of the N1 and N2 model phones, including product demonstrations.

- Per Sundqvist. Mr. Sundqvist was an Account Manager at Noenode AB during the approximate period 2004-2008. Mr. Sundqvist's place of residence and work is believed to be in or about Nyköping, Sweden. Mr. Sundqvist's relevant knowledge may include sales and marketing of the N1 and N2 model phones, including product demonstrations.

- Jonas Litborn. Mr. Litborn was Director of Customer Service at Neonode AB during the approximate period 2004-2009 and an advisory board member of Neonode AB during the approximate period 2009-2010. Mr. Litborn's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Litborn's relevant knowledge may include aftermarket service and support for the N1 and N2 model phones, as well as ownership of Neonode AB.

- Mattias Häggström. Mr. Häggström was a Software Developer at Neonode AB during the approximate period 2003-2008. Mr. Häggström's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Häggström's relevant knowledge may include development of software for the N1 and N2 model phones, including software for implementation of touch user interface and other functionality.

- Robert Pettersson. Mr. Pettersson was a Software Developer at Neonode AB starting in or about 2003. Mr. Pettersson is currently employed by Neonode Technologies AB. Mr. Pettersson's place of residence and work is Stockholm, Sweden. Mr. Pettersson's relevant knowledge may include development of software for the N1 and N2 model phones, including software for implementation of touch user interface and other functionality. Defendants may contact Mr. Pettersson through counsel for Neonode Inc.

- Anders Hagberg. Mr. Hagberg was Lead Software Design Engineer at Neonode AB during

the approximate period 2003-2008. Mr. Hagberg's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Hagberg's relevant knowledge may include development of software for the N1 and N2 model phones, including software for implementation of touch user interface and other functionality.

- Sam Peters. Mr. Peters is a co-founder and CEO of No Picnic AB, an industrial design consultant engaged by Neonode AB during the approximate period 2001-2002. Mr. Peters' place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Peters' relevant knowledge may include design of the N1 model phone, including user interface and other design aspects.

- Urban Ahlgren. Mr. Ahlgren is a co-founder No Picnic AB, an industrial design consultant first engaged by Neonode AB during the approximate period 2001-2002. Mr. Ahlgren's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Ahlgren's relevant knowledge may include design of the N1 model phone, including user interface and other design aspects.

- Per Leine. Mr. Leine was a software and hardware engineer engaged as a consultant by Neonode AB during the approximate period 2002-2008. Mr. Leine's place of residence and work is believed to be in or about Stockholm, Sweden. Mr. Leine's relevant knowledge may include development of the N1 and N2 model phones, including aspects of the phones' displays and electronics.

**VENUE INTERROGATORY NO. 2:**

Identify the custodians and non-custodial data sources that possess documents and/or evidence (whether physical or electronic) that are relevant to this case, stating the issues to which the documents and/or evidence pertains, where the custodians or data sources are located, whether

7

the documents and/or evidence are accessible from anywhere in the United States outside the Western District of Texas and if so, from where they are accessible. As set forth in the Instructions, include an identification of where each such custodian's name, title, team and/or organization name, the location where each such person resides and works, and contact information (i.e., phone number, address, and e-mail) and/or where each non-custodial data source resides.

**FIRST AMENDED RESPONSE TO VENUE INTERROGATORY NO. 2:**

Neonode incorporates its General Objections and further objects to this Interrogatory, in particular to the phrase "relevant to this case," as vague and potentially overbroad depending upon the determination of relevance. Subject to and without waiving the foregoing objections, Neonode responds as follows:

- Dooyong Lee. Mr. Lee possesses documents and/or evidence in electronic format that are relevant to the ownership and chain of title of the Asserted Patents, infringement of the Asserted Patents, and damages for infringement of the Asserted Patents. Mr. Lee's documents in paper form are located at Mr. Lee's place of work in South Korea. Mr. Lee's documents in electronic format are stored in one or more servers/databases and are generally accessible from anywhere in the United States, including outside the Western District of Texas, where there is a reliable internet connection capable of supporting a virtual private network. See response to Interrogatory No. 1 for additional responsive information.
- Anuj Arora. Mr. Arora possesses documents and/or evidence in electronic format that are relevant to pre-filing investigation and analyses of the alleged infringement of the Asserted Patents, prosecution of the applications that issued as the Asserted Patents, ownership and chain of title of the Asserted Patents, infringement of the Asserted Patents, and damages

for infringement of the Asserted Patents. Mr. Arora's documents are located on one or more servers/databases and are generally accessible from anywhere in the United States, including outside the Western District of Texas, where there is a reliable internet connection capable of supporting a virtual private network. See response to Interrogatory No. 1 for additional responsive information.

- Magnus Goertz. Mr. Goertz may possess documents and/or evidence in electronic format, and physical evidence, relevant to at least the issues of conception and reduction to practice of the invention claimed in the Asserted Patents, commercialization of the inventions claimed in the Asserted Patents, secondary considerations of nonobviousness, communications with Samsung, and the Neonode Sweden AB – Samsung License Agreement. It is believed that documents and other evidence in Mr. Goertz's possession located and accessible in Sweden. Plaintiff is unaware whether documents and other evidence in Mr. Goertz's possession is accessible from outside of Sweden. See response to Interrogatory No. 1 for additional responsive information.

- Björn Thomas Eriksson. Mr. Eriksson may possess documents and/or evidence in electronic format, and physical evidence, relevant to at least the issues of conception and reduction to practice of the invention claimed in the Asserted Patents, commercialization of the inventions claimed in the Asserted Patents, secondary considerations of nonobviousness, communications with Samsung, and the Neonode Sweden AB – Samsung License Agreement. It is believed that documents and other evidence in Mr. Eriksson's possession located and accessible in Sweden. Plaintiff is unaware whether documents and other evidence in Mr. Eriksson's possession is accessible from outside of Sweden. See response to Interrogatory No. 1 for additional responsive information.

- Joseph Shain. Mr. Shain has access to documents in electronic format relevant to at least the issues of Neonode Inc. technology license agreements and prosecution of the Asserted Patents. Mr. Shain has access to documents in electronic format, and physical evidence, relevant to commercialization of the patented technology. The documents are located on one or more servers/databases and are generally accessible from anywhere in the United States, including outside the Western District of Texas, where there is a reliable internet connection capable of supporting a virtual private network. Physical evidence, including commercial embodiments of devices incorporating the technology of the Asserted Patents, is located in Sweden and Israel. Defendants may contact Mr. Shain through counsel for Neonode Smartphone LLC. See response to Interrogatory No. 1 for additional responsive information.

- Ulf Mårtensson. Mr. Mårtensson has access to documents in electronic format relevant to at least the issues of Neonode Inc. technology license agreements and commercialization of the patented technology. Mr. Mårtensson has access to documents in electronic format, and physical evidence, relevant to commercialization of the patented technology. The documents are located on one or more servers/databases and are generally accessible from anywhere in the United States, including outside the Western District of Texas, where there is a reliable internet connection capable of supporting a virtual private network. Physical evidence, including commercial embodiments of devices incorporating the technology of the Asserted Patents, is located in Sweden. See response to Interrogatory No. 1 for additional responsive information. Defendants may contact Mr. Mårtensson through counsel for Neonode Inc.

- Marc Berger. Mr. Berger possesses documents in electronic format that are relevant to prosecution of the applications that issued as the Asserted Patents and to efforts to monetize the Asserted Patents. Mr. Berger's documents are stored on a computer at his place of work in Israel and are not are generally accessible from places within the United States. See response to Interrogatory No. 1 for additional responsive information.

**VENUE INTERROGATORY NO. 3:**

Describe in complete detail all communications and the relationship between Neonode Smartphone LLC, Magnus Goertz, Neonode Inc., Aequitas Technologies, LLC, and/or any other entities associated with Neonode Smartphone, LLC, Neonode Inc., and/or Aequitas Technologies, LLC including an identification of all relevant individuals employed by these entities, the subject matter of his or her relevant knowledge, each such person's name, title, team and/or organization name, the location where each such person resides and works, and contact information (i.e., phone number, address, and e-mail).

**RESPONSE TO VENUE INTERROGATORY NO. 3:**

Neonode incorporates its General Objections and further objects to this Interrogatory, in particular the request to "[d]escribe in complete detail all communications," because it is unreasonable and unduly burdensome, is not directed to evidence that is relevant to venue-related issues, and includes privileged communications. Subject to and without waiving the foregoing objections, Neonode responds as follows:

Neonode Smartphone LLC is a Wyoming limited liability company having a principal place of business in Sheridan, Wyoming. Neonode Smartphone, LLC has no employees. Dooyong Lee is the Manager of Neonode Smartphone LLC, which is 100% owned by Aequitas Technologies LLC.  Aequitas Technologies LLC's employees include Dooyong Lee (Chief Executive Officer) and Anuj Arora (Director of Engineering).

Magnus Goertz and others were investors in a company that was renamed Neonode AB in 2005. Subsequently, Neonode AB became a subsidiary of Neonode, Inc. In 2008, Neonode AB assigned its intellectual property to Neonode, Inc. and thereafter was liquidated. Also in 2008, Neonode, Inc. acquired a subsidiary that was re-named Neonode Technologies AB. Neither Neonode Inc., Neonode Technologies AB, nor Magnus Goertz has an ownership interest in Aequitas Technologies LLC or Neonode Smartphone LLC.

Aequitas Technologies LLC has had communications with Neonode Inc. relevant to the subject matter of this action, including but not limited to communications concerning the Asserted Patents, assignment of the Asserted Patents, infringement of the Asserted Patents, and damages for infringement of the Asserted Patents.

See response to Interrogatory No. 1 for additional responsive information.

**SUPPLEMENTAL RESPONSE TO VENUE INTERROGATORY NO. 3:**

Documents from which additional responsive information may be derived or ascertained include NEONODE0001389-90; NEONODE0001391-93; NEONODE0001394-96; NEONODE0000707-708; NEONODE0000709-711; NEONODE0000712-727; NEONODEINC0000270-285; NEONODEINC0000286-301; NEONODEINC0000302; NEONODEINC0000303-04; NEONODEINC0000309; and NEONODEINC0000310-312; NEONODEINC0000335-336.

**VENUE INTERROGATORY NO. 4:**

Identify all Neonode Smartphone, LLC employees by name, title, team and/or organization name, location, and relevant knowledge, and provide contact information (i.e., phone number, address, and e-mail) for each such individual.

**RESPONSE TO VENUE INTERROGATORY NO. 4:**

Subject to and without waiving its General Objections, Neonode states that it has no employees.

**VENUE INTERROGATORY NO. 5:**

Identify all Neonode Smartphone, LLC investors or those with a financial interest in the outcome of this lawsuit by name, title, team and/or organization name, location, and relevant knowledge, and provide contact information (i.e., phone number, address, and e-mail) for each such individual.

**RESPONSE TO VENUE INTERROGATORY NO. 5:**

Neonode incorporates its General Objections and further objects to this Interrogatory, in particular the request to "[i]dentify all Neonode Smartphone, LLC investors or those with a financial interest in the outcome of this lawsuit," because it is not directed to evidence that is relevant to venue-related issues. On the basis of this objection, Neonode will not answer this interrogatory.

**VENUE INTERROGATORY NO. 6:**

Identify any persons and/or entities who have relevant knowledge about any product You contend embodies the Asserted Patents, including an identification of where each such person resides and works.

**RESPONSE TO VENUE INTERROGATORY NO. 6:**

Subject to and without waiving its General Objections, Neonode responds as follows:

Persons and entities who have relevant knowledge about Neonode-branded products that embody the Asserted Patents include Neonode, Inc., Neonode Technologies AB, Joseph Shain, Ulf Mårtensson, Magnus Goertz, and Björn Thomas Eriksson. See original and supplemental responses to Interrogatory No. 1 for additional responsive information.

Persons and entities who have relevant knowledge about Apple-branded products that embody the Asserted Patents include Apple, Inc. and persons knowledgeable about the functionality of the accused Apple products as described in Neonode's Complaint in 6:20-cv-00505 (W.D. Tex.) and infringement contentions directed to Apple. The identities and places of residence and employment of such persons are currently unknown.

Persons and entities who have relevant knowledge about Samsung-branded products that embody the Asserted Patents include Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") and persons knowledgeable about the functionality of the accused Samsung products as described in Neonode's Complaint in 6:20-cv-00507 (W.D. Tex.) and in Neonode's infringement contentions directed to Samsung. The identities and places of residence and employment of such persons are currently unknown.

**VENUE INTERROGATORY NO. 7:**

Explain the complete factual and legal basis for Your contention that individuals or facilities in or near Western District of Texas have evidence relevant to the Accused Products or any claim or defense in this litigation.

**RESPONSE TO VENUE INTERROGATORY NO. 7:**

Subject to and without waiving its General Objections, Neonode responds as follows:

Apple has retail locations in the Western District of Texas, including in at least the cities of El Paso, San Antonio, and Austin. *See* https://www.apple.com/retail/storelist/. At those retail locations Apple conducts infringing activities, including selling and offering to sell infringing devices identified in Neonode's complaint in this case and in Neonode's infringement contentions directed to Apple. In addition, Neonode expects to discover that Apple has sent, transmitted, or delivered each of the following to numerous users' Apple devices in the Western District of Texas: (a) QuickPath; (b) a Third Party Swipe-Typing Keyboard App; (c) iOS 8; (d) iPadOS; (e) later

version(s) of iOS; and (f) later versions of iPadOS, thereby directly or indirectly infringing one or both of the Asserted Patents.

**VENUE INTERROGATORY NO. 8:**

To the extent any individual listed in response to Interrogatory No. 1 has traveled to the Northern District of California in the past three years in relation to the Asserted Patents or any product that allegedly practices the Asserted Patents, identify such travel, including the number of trips, approximate length of trips, and any reason the individual(s) would not be able to travel to the Northern District of California in the next three years.

**RESPONSE TO VENUE INTERROGATORY NO. 8:**

Subject to and without waiving its General Objections, Neonode responds as follows:

Neither Mr. Lee, Mr. Arora, Mr. Shain, Mr. Mårtensson, nor Mr. Berger has traveled to the Northern District of California in the past three years in relation to the Asserted Patents or any product that allegedly practices the Asserted Patents. Neonode is not aware whether, and has no reason to believe that, Mr. Goertz, Mr. Eriksson, Ms. Johannesson, Mr. Hallberg, Mr. Löfgren, Mr. Sundqvist, Mr. Litborn, Mr. Häggström, Mr. Pettersson, Mr. Hagberg, Mr. Peters, Mr. Ahlgren, or Mr. Leine has traveled to the Northern District of California in the past three years in relation to the Asserted Patents or any product that allegedly practices the Asserted Patents.

**VENUE INTERROGATORY NO. 9:**

Identify all unique documents you contend are only accessible from the Western District of Texas and any unique physical documents you contend are only located in the Western District of Texas, including a description of their contents and relevance to this lawsuit.

**RESPONSE TO VENUE INTERROGATORY NO. 9:**

Subject to and without waiving its General Objections, Neonode responds as follows:

Neonode is not currently aware of any unique documents that are only accessible from the Western District of Texas or of any unique physical documents that are only located in the Western District of Texas.

**VENUE INTERROGATORY NO. 10:**

Identify all customers of Neonode Smartphone, LLC and/or Neonode Inc. relating to technology or products embodying the Asserted Patents in the Northern District of California, including an identification of where each such client resides and/or is located.

**AMENDED RESPONSE TO VENUE INTERROGATORY NO. 10:**

Subject to and without waiving its General Objections, Neonode responds as follows:

Documents from which responsive information may be derived or ascertained include NEONODE0000728.

DATED: April 2, 2021

As to objections,

By: */s/ Greer Shaw*

Philip J. Graves (CA State Bar No. 153441)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7147
Facsimile: (213) 330-7152
Email: philipg@hbsslaw.com

Greer N. Shaw (CA State Bar No. 197960)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Email: greers@hbsslaw.com

*Counsel for Plaintiff Neonode Smartphone LLC*

# **CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the City and County of Los Angeles, State of California. My business address is Hagens Berman Sobol & Shapiro, 301 North Lake Avenue, Suite 920, Pasadena, CA 91101.

On April 2, 2021, I served true copies of the following document described as the following:

**NEONODE SMARTPHONE LLC'S SECOND SUPPLEMENTAL AND AMENDED RESPONSES AND OBJECTIONS TO APPLE INC.'S VENUE INTERROGATORIES**

on the interested parties in this action listed below via e-mail:

/s/ *William Stevens*
William Stevens

Betty H. Chen
Fish & Richardson PC
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070
Fax: 512/320-8935
Email: Bchen@fr.com

Benjamin C. Elacqua
Kathryn A. Quisenberry
Fish and Richardson PC
1221 McKinney Street Suite 2800
Houston, TX 77010
713-654-5300
Fax: 713-652-0109
Email: Elacqua@fr.com
Email: Quisenberry@fr.com

Jared A. Smith
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070
Fax: (878) 678-5099
Email: Jasmith@fr.com

Aamir A. Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 90309
(404) 892-5005
Fax: (404) 892-5002
Email: kazi@fr.com

*Attorneys for Defendant Apple Inc.*

## **VERIFICATION**

I, Dooyong Lee, the Manager of Neonode Smartphone LLC, have read Neonode Smartphone LLC's Second Supplemental and Amended Responses to Apple's Venue Interrogatories, and certify under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Executed on April 2, 2021.

DocuSigned by:

*Dooyong Lee*

45E99FBFCB94401...

_____

Dooyong Lee