**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:20-cv-00505-ADA |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| APPLE INC., | § | |
| | § | **REDACTED VERSION** |
| Defendant. | § | |

**APPLE INC. REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

Neonode's opposition makes clear that there is no connection between this district and the facts giving rise to this suit. Neonode does not (and cannot) allege any connection between Apple's design, engineering, marketing, or licensing of the accused features and this district, because the relevant witnesses and sources of proof involved are overwhelmingly located in NDCA. Nor is there ***any*** connection between Neonode and this district. Further, all relevant, identified third-parties are located in California or abroad. Rather than attempting to show WDTX is a convenient forum (as it cannot), Neonode relies on its co-pending case against Samsung, an argument which runs contrary to this Court's own precedence and ignores the convenience of Apple and third-party witnesses and the location of sources of proof. *See, e.g., Parus Holdings Inc. v. LG Elecs Inc. and LG Elecs. U.S.A. Inc.*, No. 6:19-cv-432-ADA, Dkt. 161 at 12-13 (W.D. Tex. Aug. 20, 2020) (transferring LG, despite co-pending cases involving the same patents). Apple has more than met its burden to show that NDCA is a more convenient venue, and respectfully submits that the Court should transfer this matter there.

# I. <u>THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER</u>

## A. Apple's Relevant Evidence and Witnesses Are Located in California

Neonode suggests the location of Apple's "documents and source code" is entitled to less weight because they [REDACTED] Resp. at 4. This argument has already been rejected by the Federal and Fifth Circuits. *In re Volkswagen II*, 545 F.3d 304, 316 (5th Cir. 2008); *see also Apple Inc.*, 979 F.3d at 1340. Further, Neonode fails to acknowledge that [REDACTED] Ex. A (M. Rollins Dep. Tr.) at 91:4-93:6; Dkt. 27-3 at ¶ 7. If "access" means an employee can relocate in order to provide documents, this factor would be rendered meaningless. As the [REDACTED] witnesses are in NDCA, this factor strongly weighs in favor of transfer.

Neonode also attempts to minimize the inconvenience to Apple's witnesses and draw speculation as to whether there are relevant Apple witnesses in WDTX. Apple identified roughly two dozen engineers with knowledge relevant to this litigation, ***all*** of whom [REDACTED] work in NDCA. Neonode's assertion that Apple "has not shown any 'inconvenience' or 'cost'" these witnesses would incur that is greater than any other business travel for Apple is inaccurate. First, this assumes [REDACTED] Dkt. 27-3 at ¶¶ 7-17. Second, participating as a witness in a lawsuit is not a typical aspect of employment at Apple. Taking time away from family and work activities to travel to and stay in Texas is an inconvenience. Indeed, the Federal Circuit has twice recently recognized the importance of employee witnesses residing in the transferee venue. *In re TracFone Wireless, Inc.*, Case No. 2021-136, Dkt. 11 at 5 (Fed. Cir. Apr. 20, 2021); *Apple*, 979 F.3d at 1341-42.

Neonode also points to a handful of individuals who it speculates "may also be pertinent" to the case. But ***none*** of the individuals listed in Neonode's response have relevant knowledge or are likely to be witnesses in this case. Ex. B (Rollins Decl. ¶¶ 4-9). The individuals are not knowledgeable regarding the design or implementation of the accused features described in the asserted patents, nor the type of information that would be necessary to calculate damages in a patent case. *Id.* [REDACTED] Dkt. 52-2 at 20; *see generally* Dkt. 1. This factor strongly weighs in favor of transfer. *Apple*, 979 F.3d at 1342.

**B. Neonode Has No Connection to WDTX**

By Neonode's own admission, it has no connection to this district. Neonode is not a Texas entity, has no Texas employees or offices, and has not identified any Neonode potential witnesses or sources of evidence located in Texas. Dkt. 27-4; Ex. C (J. Shain Dep. Tr.) at

114:18-115:6. The named inventor of the asserted patents is located in Sweden. Dkt. 27-8. Neonode states that the party and third-party witnesses whom Neonode currently expects to testify in this matter are located in South Korea, Sweden, Israel, and Southern California, but are "willing to travel to WDTX for the case," (Resp. at 5, 10), but has not shown that these witnesses would be unwilling to travel to NDCA for the case, nor that it would be a less convenient forum.[1] Neonode's witnesses' willingness to travel to WDTX should be given no weight.

### C. Relevant Third Parties Are Located in NDCA

Neonode argues Apple has not shown the importance of the testimony of witnesses from Google and Nuance. Not only is this inaccurate (*see* Dkt. 27 at 11), the importance is clear from Neonode's own pleadings. Dkt. 1 at ¶¶ 53, 33, 35, 80. Neonode alleges Apple indirectly infringes the asserted patents by offering Google and Nuance's swipe-typing apps, Gboard and Swype. *Id.* In order to prove these apps meet the claims of the asserted patents, Neonode will be required to subpoena Google and Nuance. As compulsory process over Google and Nuance is available in NDCA, but not in WDTX, this factor strongly favors transfer. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009).[2]

### D. Judicial Economy Is Neutral

Neonode overinflates the amount of judicial economy that would be preserved by denying transfer and is therefore incorrect that it favors transfer. While the asserted patents are the same, Neonode's blanket statements that "the accused products and functionality are very

---

[1] [redacted] Resp. at 5. And Neonode's witnesses have already traveled to NDCA for work. Ex. C at 51:20-52:7; 70:18-25.

[2] Neonode also argues Google and Nuance should be ignored because Apple has not identified specific witnesses from these companies. Resp. at 6-7. This argument has, again, already been rejected by the Federal Circuit. *In re HP Inc.*, 826 Fed. App'x. 899, 903 (Fed. Cir. Sept. 15, 2020) (non-precedential) (holding there was "no basis to discount [the identified third parties] just because individual employees were not identified.").

similar" and "[b]oth complaints allege that Apple and Samsung gained pre-suit knowledge of the patents in suit" glosses over the complexities of the issues presented in this case. Apple and Samsung will produce completely separate evidence regarding the accused products, how and whether the accused features are marketed or licensed, financials, and evidence related to pre-suit notice, or lack thereof. The Court will have to separately decide all issues and motions relating to discovery, as well as conduct separate pre-trial and trial proceedings. In fact, the only issue that can truly be jointly decided is claim construction. And as the case has been stayed since its early stages (the parties have not yet served invalidity contentions), very little work, if any, would have to be duplicated in NDCA. The judicial economy created by keeping this matter in WDTX is minimal and this factor is neutral. *See, e.g., Parus*, No. 6:19-cv-432-ADA, Dkt. 161 at 12-13 (transferring LG, despite co-pending cases involving the same patents).

Further, Neonode suggests an unworkable standard. Namely, that all other factors should be outweighed in view of judicial economy. Were this the case, any plaintiff could artificially maintain a less convenient forum by filing suit against multiple defendants and ensuring that the non-moving defendants would not or could not request a transfer. Such a result would allow a party to manipulate case filings to avoid transfer and eviscerate defendants' ability to effectively utilize § 1404(a). Neonode's co-pending case against Samsung does not justify ignoring the convenience to Apple and third-party witnesses of litigating in NDCA.

## II. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

**Court congestion is, at worst, neutral.** As Neonode notes, a particular court's "general ability to set a fast-paced schedule is not particularly relevant to this factor." *Apple*, 979 F.3d at 1344. Rather, "[a]dministrative difficulties manifest when litigation accumulate in congested centers instead of being handled at its origin." *Ikorongo Texas LLC v. Lyft, Inc.*, Civ. No. 6:20-cv-00258-ADA, slip op. at 16 (W.D. Tex. Mar. 1, 2021) (citing *Gulf Oil Corp. v. Gilbert*, 330

U.S. 501, 511 (1947)). This factor concerns whether there is an appreciable difference in docket congestion between the two forums." *Id*. (internal citations omitted).

This District – and in particular, this Court – are significantly more congested than NDCA. Currently there are only 236 patent cases pending in NDCA. Ex. D (NDCA Open Cases). There are 706 patent cases pending in this Court alone – nearly three times the number pending before all nine judges in NDCA. Ex. E (Judge Albright Open Cases). While this Court has proceeded more quickly to trial for the cases that have thus far reached a jury, the Court's docket is substantial, with multiple patent trial settings every month. And while civil trials were temporarily suspended in NDCA due to COVID-19, NDCA is resuming jury trials as early as six weeks from yesterday. *E.g., Finjan LLC v. Cisco Sys. Inc.*, Civ. No. 17-cv-72-BLF, Dkt. 738 (N.D.C.A. Dec. 16, 2020) (setting trial for June 3, 2021). Court congestion is, at worst, neutral.

**Local interest strongly favors transfer.** Neonode asks this Court to err by finding this factor is neutral because Apple has general contacts with WDTX that create a local interest. Resp. at 13-15; *Apple*, 979 F.3d at 1345-46. Neonode points to the overall number of Apple employees and the size of Apple's non-retail facility in Austin, and the number of retail stores in WDTX. Resp. at 14. These are similar facts to those the Federal Circuit previously found were given too much weight by the district court, "improperly conflat[ing] the requirements for establishing venue under 28 U.S.C. § 1400(b) and the requirements for establishing transfer under § 1404(a)." *Apple*, 979 F.3d at 1345-46. It is clear that NDCA is the district with the greatest local interest in this dispute because it is the situs of "*the events that gave rise to [the] suit*." *Id*. at 1345 (emphasis original). This factor strongly weighs in favor of transfer.[3]

[3] Neonode also argues three previous cases filed in EDTX by Apple fifteen years ago show Texas may be a convenient forum for Apple. This argument has been soundly rejected by the Federal Circuit as "clear error." *Genentech*, 566 F.3d at 1346.

Date: April 23, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Betty H. Chen*

Benjamin C. Elacqua
Texas Bar Number 24055443
elacqua@fr.com
Kathryn A. Quisenberry
Texas Bar Number 24105639
quisenberry@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: 713-654-5300
Facsimile: 713-652-0109

Betty Chen
Texas Bar Number 24056720
bchen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: 650-839-5070
Facsimile: 650-839-5071

Jared A. Smith (admitted *Pro Hac Vice*)
California Bar No. 306576
jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

**COUNSEL FOR DEFENDANT APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above document was served on April 23, 2021 via email to all counsel of record.

/s/ *Betty H. Chen*
Betty H. Chen